[No. 13592. Department Two. February 1, 1917.]

P. N. Yuill, *Respondent*, v. G. H. Berryman *et al.*, *Appellants.*[1]

Municipal Corporations—Use of Streets—Automobiles — Accidents at Crossings—Negligence — Evidence — Sufficiency. It is clearly negligence for defendant to drive his car into plaintiff's car at a crossing, where plaintiff, having first entered the street intersection, had the right of way, and his car was in view, and defendant could have readily stopped in time, had he looked and seen plaintiff's car.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 15, 1916, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*Shorett, McLaren & Shorett (Edward R. Taylor, of counsel), for appellants.*

*Frank A. Paul, for respondent.*

Mount, J.—This action was brought to recover damages resulting from a collision between two automobiles. The plaintiff alleged that the defendant was negligent and ran against the plaintiff's car, causing damages to the car and personal injuries to the plaintiff. The defendant answered, denying negligence, admitting the collision, and alleged that the plaintiff was negligent, and damaged the defendant's car, and sought damages on account thereof. Upon these

[1]Reported in 162 Pac. 513.

issues, the case was tried to the court without a jury. At the conclusion of the trial, the court found in favor of the plaintiff, fixed his damages at $104.45 for repairs to the car, and $250 for personal injuries. Judgment was entered against the defendant for $354.45. The defendant has appealed.

The one question presented in the case is whether the respondent should recover. It appears that, on the 30th day of May, 1915, at about three o'clock in the afternoon, the respondent was driving his car east on Denny Way. At the same time, the appellant was driving his car north on Seventeenth avenue. Denny Way runs east and west, while Seventeenth avenue runs north and south. These streets intersect each other. They are both paved streets. At the intersection of these streets, they are twenty-four feet wide from curb to curb. On that day the pavement was dry, and at this point the streets were practically level. The evidence conclusively shows, we think, that the respondent, traveling east on the south side of Denny way, arrived at the intersection first. When he entered the intersection of these streets, he was traveling at from four to eight miles per hour. At that time, the defendant was to the south of Denny Way, on the right-hand side of Seventeenth avenue, going north approaching the intersection. He was from forty to fifty feet away. He entered the intersection, according to his evidence, at from four to eight miles per hour.

It is claimed by the appellant that the respondent's automobile struck the left front wheel of the appellant's automobile, and caused the injury, while the respondent claims that the appellant's automobile struck his automobile about the center, and caused the damage complained of. If the testimony of the parties is to be believed, they were each traveling within the speed limit. It is clear from the evidence that the respondent's automobile entered the intersection of these streets first; that the appellant's car, at that time, was forty or fifty feet away, and, as stated above, the crossing at this place is twenty-four feet wide. If each had proceeded,

therefore, at the same rate of speed, there would have been no accident, because the streets are only twenty-four feet wide. The respondent, having entered the intersection of these streets first, was clearly entitled to the right of way. It was the duty, therefore, of the appellant to have stopped his car, or so slackened his speed that there would have been no collision. He apparently did not slacken his speed, but crashed into the side of the respondent's car. Whether he did so or not was a disputed question of fact, but we think the evidence plainly shows that it was the appellant's car which crashed into the side of the respondent's car. It is plain that, if these cars were traveling at the rate of speed which the evidence tends to show, namely, from four to eight miles per hour, when they were approaching each other, they could have been readily stopped without any collision. The appellant did not reach the intersection of these streets until the respondent was well upon the crossing. He did not see the respondent until, as he testified, he was within four to eight feet of him. It was appellant's duty to see and to avoid the respondent. Not having done so, he was clearly negligent. The appellant had a clear view of the respondent for fifteen or twenty feet, or more, before respondent entered upon the intersection of the streets. The respondent, having the right of way, as we have indicated above, it was the appellant's duty to avoid him, which could easily and readily have been done if his car had been under control.

From a careful reading of the statement of facts, we are satisfied that the trial court properly found that the appellant was negligent, and that the respondent was not negligent.

It follows that the judgment must be affirmed.

MORRIS, HOLCOMB, PARKER, and FULLERTON, JJ., concur.