[No. 14345.   Department Two.   January 21, 1918.]

JAHN & COMPANY, *Respondent*, v. WILLIAM T. PAYNTER, *Appellant*.[1]

MUNICIPAL CORPORATIONS — USE OF STREETS — AUTOMOBILES—COL-LISION.   The automobile first entering a street intersection and making a turn has the right of way, making it negligence for the driver of another on the intersecting street to run into the first one, when the collision could have been avoided if he had slackened his speed.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 11, 1917, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*Frank A. Paul* and *Roy L. Cadwallader*, for appellant.

*W. H. Bolen*, for respondent.

MOUNT, J.—This action arose out of a collision between two automobile trucks in the city of Seattle. The plaintiff brought the action, alleging negligence on the part of the defendant, and alleging his damages at $88.20. The defendant answered, denying any negligence on his part and, by cross-complaint, alleged negligence on the part of the plaintiff, and that defendant's damages amounted to $400.02. Upon these issues, the case was tried to the court without a jury. The court found that the defendant was negligent and that the plaintiff had been damaged thereby in the sum of $75, and entered judgment against the defendant for that amount. The defendant has appealed.

The principal question tried below, and the only one presented here, is which of the parties was negligent? The collision occurred on the 29th day of September, 1916, about 6:30 o'clock p. m., at a point on the west line of Fifth ave-

Reported in 170 Pac. 132.

nue, about the middle of Olive street. No other vehicles were upon the crossing at that time. The streets were paved and it was broad daylight. At this point Fifth avenue, Olive street, Stewart street and Westlake avenue come together. Olive street crosses Fifth avenue at nearly right angles. The respondent's automobile truck, loaded with sand, entered the intersection of these streets from the north on Fifth avenue and turned to the left, intending to go east on Olive street. The driver of that truck testified that, at the time he started to make the turn, he saw the appellant's truck coming northward on Westlake avenue about 150 feet away. He assumed that he had plenty of time to cross the intersection ahead of the appellant's truck. There was some evidence to the effect that, just before the collision, the appellant's truck was speeded up as though in an effort to run ahead of the respondent's truck, and the collision thereupon occurred. We think it is plain from the evidence that the respondent's truck was upon the intersection of these streets first, making a turn, and therefore had the right of way. This case is very similar in that respect to the case of *Yuill v. Berryman*, 94 Wash. 458, 162 Pac. 513. In that case we said:

"The respondent, having entered the intersection of these streets first, was clearly entitled to the right of way. It was the duty, therefore, of the appellant to have stopped his car, or so slackened his speed that there would have been no collision."

If that is the correct rule, and we think it is, under the circumstances here presented, the appellant was to blame for the collision, and the judgment of the trial court was right.

The judgment appealed from is therefore affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.