[No. 15583.   Department One.   December 17, 1919.]

H. J. HULL *et al., as H. J. Hull & Company, Respondents,* v. CRESCENT MANUFACTURING COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (379) — USE OF STREETS — CROSSINGS — RIGHT OF WAY—ORDINANCES. An ordinance giving right of way to cars to the right where automobiles simultaneously approach a street intersection, has no application where the car to the left reached the crossing an appreciable length of time in advance of the other, in which case it has the right of way.

JUDGMENT (13)—ENTRY AND FORM—SUFFICIENCY. A judgment ordering defendant to pay a certain sum with costs is not error, as it is to be tested by its substance rather than its form.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 3, 1919, upon findings in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Affirmed.

[1]Reported in 186 Pac. 322.

5—109 WASH.

*William U. Park* and *Paul S. Dubuar,* for appellant.
*Lee Johnston,* for respondents.

MITCHELL, J.—This action arose out of a collision between an automobile and a motor truck. Each party charged the other with negligence, which in turn was denied. Plaintiffs alleged the damages to their automobile were $221.23. The case was tried to the court without a jury. The court found that defendant was negligent and that plaintiffs had been damaged thereby in the sum of $175, and entered judgment in that amount against defendant, from which judgment the appeal has been taken.

The facts are somewhat in dispute, but a consideration of all the evidence satisfies us, as it did the trial court, that appellant was negligent and respondents were not.

The collision occurred in daylight, within the intersection of Spring street and First avenue, in the city of Seattle. These streets cross each other at right angles. Spring street is forty-two feet between curbs, and First Avenue is fifty-two feet between curbs. Respondents' automobile, going west along the north side of Spring street, entered the intersection of the two streets an appreciable length of time before appellant's motor truck. The automobile was going five or six miles an hour, and, continuing its westerly course, had reached a point near the center of First avenue, when, just about the time its driver had commenced to turn towards the south, the motor truck, running northerly at a speed of approximately twenty miles an hour, crashed into the automobile, striking it on the left-hand side near the rear, causing the damages complained of. An ordinance of the city provides that: "Drivers shall look out for and give right of way to vehicles simultaneously approaching

the street intersection from the right." As already stated, respondents' automobile was upon the intersection first and, therefore, had the right of way. The case is very similar to, and is controlled by the rule announced in, the case of *Yuill v. Berryman,* 94 Wash. 458, 162 Pac. 513, as follows:

"The respondent, having entered the intersection of these streets first, was clearly entitled to the right of way. It was the duty, therefore, of the appellant to have stopped his car, or so slackened his speed that there would have been no collision."

The rule was restated and followed in the case of *Jahn & Co. v. Paynter,* 99 Wash. 614, 170 Pac. 132.

Complaint is made concerning the amount of recovery allowed respondents. It is within the proof.

Objection is also made to the form of the judgment, in that it provides: "It is hereby ordered and adjudged that defendant pay to plaintiffs the sum of $175, together with plaintiffs' statutory costs taxed herein," rather than simply providing that plaintiffs have judgment against defendant in the sum of $175 and costs. It is plain that the instrument is a final adjudication of the cause upon the merits and not a mandate or determination upon some subsidiary or collateral matter arising in the action, and hence it is to be tested by its substance rather than its form. While the form suggested is preferable, the one used is neither fatal nor prejudicial.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.