[No. 16709. *En Banc.* October 8, 1921.]

E. R. SCHOEN *et al., Appellants,* v. THE CITY OF SEATTLE *et al., Respondents,* H. H. WELLS, *Intervener and Respondent.*[1]

MUNICIPAL CORPORATIONS (236)—IMPROVEMENTS—ASSESSMENTS— AMOUNT OF ASSESSMENTS—LIMITATIONS — STATUTES — CONSTRUCTION. Laws 1915, ch. 168, § 1, providing that the cost of a local improvement shall "not exceed fifty per cent of the valuation of the real estate, exclusive of improvements thereon, within such district, according to the valuation last placed upon it for the purpose of general taxation," is not a limitation to the assessed value of the property where that differs from the actual value; in view of Laws 1913, p. 438, § 1, which provides that "all property shall be assessed at not to exceed fifty per cent of its true and fair value in money."

STATUTES (67)—EXECUTIVE CONSTRUCTION. The construction of a statute by executive officers in a way other than its language plainly imports is not controlling on courts when called upon to determine its meaning.

Appeal from a judgment of the superior court for King county, Hall, J., entered August 22, 1921, in favor of the defendants, dismissing an action to enjoin the construction of a public improvement and the levying of an assessment therefor, tried to the court. Affirmed.

[1]Reported in 201 Pac. 293.

*Flick & Paul,* for appellants.

*Hastings & Rubens,* for respondent J. L. Smith.

*Walter F. Meier* and *Edwin C. Ewing,* for respondent City of Seattle.

MAIN, J.—This action was brought for the purpose of restraining the carrying forward of a local improvement and levying an assessment therefor. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiffs appeal.

On the ninth day of February, 1920, the city council of the city of Seattle passed an ordinance providing for improvement of Tenth avenue northeast, by curbing, side sewers and water mains. On the same day an ordinance was passed providing for improvement of the same street by paving. It will be assumed, but not decided, that the two ordinances constitute but a single improvement. Giving effect to this assumption, the cost of the improvements will be less than fifty per cent of the actual value of the property within the proposed improvement district, but more than fifty per cent of the assessed value thereof. The boundaries of the districts proposed under each of the ordinances coincide. The question then is whether the limitation for the amount of a local improvement is fifty per cent of the assessed value of the property within the district or fifty per cent of the actual value. Section 1, ch. 168, of the Laws of 1915, p. 526, provides that the estimated cost and expense of a local improvement which may be assessed against property in the proposed district shall "not exceed fifty per cent of the valuation of the real estate, exclusive of the improvements thereon, within such district, according to the valuation last placed upon it for the purpose of general taxation." This language is the same as that found in § 12, ch. 98, of the

Laws of 1911, p. 441. Prior to 1913, the assessed value of real estate and the actual value were theoretically the same. Section 1, ch. 140, of the Laws of 1913, p. 438, provides:

"All property shall be assessed at not to exceed fifty per cent of its true and fair value in money. In determining the true and fair value of real or personal property, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation; nor shall he adopt as a criterion of value the price for which the said property would sell at auction, or at a forced sale, or in the aggregate with all the property in the town or district; but he shall value each article or description of property by itself, and at such sum or price as he believes the same to be fairly worth in money at the time such assessment is made."

At the legislative session for the year 1919 (§ 4, ch. 142, p. 393, Laws of 1919), this section was amended in particulars not here material. Prior to the passage of the act of 1913, above referred to, no question as to whether the limit for local improvement assessment would be fifty per cent of the assessed value or fifty per cent of the actual value could arise because they were the same. The act of 1913 provided that all property should be assessed at not to exceed fifty per cent of its true and fair value in money. In order to determine, under the section from the act quoted, fifty per cent of the true and fair value in money, it was necessary, first, for the assessing officers to determine the actual value. Construing this statute, it was so held in *Hansen v. Hoquiam,* 95 Wash. 132, 163 Pac. 391. In that case the question was whether the city of Hoquiam had exceeded its debt limit as fixed by § 6, art. 8, of the constitution. The constitution provided that the debt limit should not "exceed five per cent of the value of taxable property therein to be ascertained by the last assessment for state and county purposes previous to

the incurring of such indebtedness, except that in incorporated cities the assessment shall be taken from the last assessment for such purposes . . .'' Construing this language, it was there held that the limitation of indebtedness was five per cent of the actual value of the property, and not five per cent of the assessed value. The language of the constitution is strikingly similar to the language of the statute limiting the cost of a local improvement which may be assessed against the property in a proposed district to fifty per cent of the ''valuation of the real estate . . . according to the valuation last placed upon it for purposes of general taxation.'' The constitutional language is ''value of a taxable property which is to be ascertained by the last assessment.'' The language of the statute is fifty per cent of the ''valuation of the real estate according to the valuation last placed upon it for purposes of general taxation.'' In effect the language is the same, and in principle the *Hansen* case is controlling. The close analogy of that case to the present one is recognized by the appellants, but they insist that it should not be followed. The statute nowhere mentions assessed value, but speaks of valuation of the real estate.

Prior to the passage of the act of 1913 fixing the limitation of assessment for general taxation at fifty per cent of the value, as stated, the assessed value and the actual value were theoretically the same. It cannot be held, as argued by the appellants, that the language of the local improvement act meant assessment value only prior to the passage of the act of 1913. It had a dual meaning—both the assessment value and the actual value. The passage of the act of 1913 limiting the assessment did not destroy the force of the effect of the local improvement act which provided that the limitation should be fifty per cent of the valuation

of the property and determined the manner in which that valuation should be ascertained. There are a number of cases from this court cited by the appellants where it may be said that the court assumed that the assessed valuation was to be taken as the standard, but in none of those cases was the question here presented either considered or determined. The fact that the court may have assumed, without determining, that the limitation was fifty per cent of the assessed value and that the executive officers so construed the statute, if such be the fact, would not operate to control the construction of the language used and give it a meaning other than it plainly imports.

The judgment will be affirmed.

PARKER, C. J., TOLMAN, MITCHELL, HOLCOMB, FULLERTON, BRIDGES, and HOVEY, JJ., concur.