Main, J.
 

 This action was brought to require the civil service commission of the city of Seattle to strike from the eligible list from which captains of police were to be appointed the names of certain police officers. To the complaint a demurrer was interposed and sustained. The relator elected to stand upon his complaint and refused to plead further, and from the judgment entered dismissing the action, he appeals.
 

 The facts alleged in the complaint, and which will be sufficient to present the questions for determination, may be stated as follows: June 19, 1929, the civil service commission, after having given due notice of a promotional examination for the purpose of establishing an eligible list for the position of captains of the police force, held an examination. The result of the examination was posted on July 26, 1929, which result showed the following named persons had received the grades set opposite their names as a result of the examination:
 

 “L. L. Norton............. 83.44
 

 “W. J. Strecker........... 81.76
 

 “G. F. Howard............ 74.79
 

 “Frank Olmstead......... 74.47
 

 “G. V. Hasselblad.........73.43
 

 “John L. Allen............ 73.21.”
 

 Thereafter, pursuant to the rules of the commission, it established an eligible register for the position
 
 *562
 
 of captain in the police department which contained the following names:
 

 “L. L. Norton............. 83.44
 

 “W. J. Strecker........... 81.76.”
 

 ■ Under § 6 of rale IV of the commission, no person was entitled to have his name placed upon the list of eligibles “whose standing upon a just rating in his examination shall average less than 75% of complete proficiency . . . ” From the examination held, it appears that only two of the six received a grade above seventy-five per cent and the others were all below. ;
 

 Thereafter, and on or about August 1, 1929, L. L. Norton was, by the chief of police of the city, appointed as a captain upon the force. On or about November 14, 1929, the commission reviewed the examination papers of all competitors and corrected the grades of the four who did not receive a standing of seventy-five per cent to read as follows:
 

 “G-. F. Howard............ 80.62
 

 “Frank Olmstead......... 80.53
 

 “G. V. Hasselblad......... 80.25
 

 “John L. Allen............ 79.88.”
 

 The complaint alleges that neither Olmstead, Hasselblad nor Allen petitioned the commission for a review of the examination held June 19, 1929. The complaint does not allege Howard did not so petition.
 

 It is first contended that § 10 of rule IV is invalid. Section 4 of article XVI of the city charter provides that:
 

 “The commission shall make rules to carry out the purposes of this article, and for examinations, appointments, promotions and removals in accordance with its provisions, and the commission may, from time to time, make changes in the existing rules.”
 

 Section 10 of rule IV promulgated by the commission is as follows: •
 

 
 *563
 

 “A
 
 competitor may inspect Ms examination papers, and upon a definite written showing of errors in marking or of errors in computing the results thereof, received hy the commission within thirty (30) days of the notice of the examination results, the commission may review the points in question and make proper correction. In no other case will the results of an examination once completed be changed.”
 

 The charter expressly authorizes the commission to make rules to carry out the purpose of the article therein covering the matter of civil service and for examinations, appointments, promotions and removals. Section 10 of rule IV was promulgated by the commission in pursuance of the authority thus given in the charter. We see no merit in the contention that the commission did not have the right to make the rule.
 

 The next question is whether the commission, in violation of § 10 of rule IV, had a right to review the examination and raise the grades in the absence of a petition filed therefor within thirty days as provided in the rule. It will be noticed that, in the last sentence of the rule, it is expressly provided that the results of an examination once completed will not be changed unless a competitor makes a definite written showing of errors in markings or errors in computing results within thirty days of the notice of the examination results. The rule being valid, the question is, was the commission required to abide by it. In
 
 People ex rel. Finnegan v. McBride,
 
 226 N. Y. 252, 123 N. E. 371, it was held that the civil service commission of New York City could not vacate an eligible list which it had promulgated upon the mere suspicion, based upon hearsay and without proof, that material irregularities were permitted to creep into the examination. In concluding the opinion, it was there said:
 

 “The clear legal duty of the commission, having once established the list, was to continue it in existence
 
 *564
 
 as a single list for the period fixed by law, or by rule having the force of law. ’ ’
 

 Neither Olmstead, Hasselblad nor Allen having filed a showing of errors in accordance with the rule, the commission had no right of its own motion to review the grades and increase the standing of those officers. From this it follows that the complaint failed to state a cause of action as to Howard, because it did not allege that he had not filed a written showing, and it does state a cause of action as to the other three because it alleges that they did not make a written showing of errors.
 

 The next question is whether mandamus is the proper remedy. In disregarding its rule, the commission was not exercising a discretion, but was proceeding arbitrarily in disregard of it, and therefore mandamus was the proper remedy.
 
 People ex rel. Finnegan v. McBride, supra; State ex rel. Mason v. Board of County Commissioners,
 
 146 Wash. 449, 263 Pac. 735.
 

 So far as we are now informed, there is no showing that any fraud was present in the examination held or that there was any material irregularity therein. Were there a showing of fraud or material irregularity in the examination, a different question would be presented. As already pointed out, the present case turns solely upon the right of the commission to disregard the clear and unequivocal requirements of the rule promulgated by it.
 

 The judgment will be reversed and the cause remanded with direction to the superior court to overrule the demurrer to the complaint.
 

 Mitchell, O. J., Fullerton, French, and Holcomb, JJ., concur.