[No. 22373. Department Two. June 17, 1930.]

PACIFIC MATCH COMPANY, *Respondent*, v. BURROUGHS ADDING MACHINE COMPANY, *Appellant*.[1]

[1]Reported in 289 Pac. 16.

*Ellis & Evans,* for appellant.

*Wm. H. Pratt,* for respondent.

FRENCH, J.—This action was brought by respondent against appellant to recover damages claimed to have been suffered by reason of a collision between two automobiles at the intersection of First avenue south and East Marginal way in the city of Seattle. The jury returned a verdict for plaintiff below, and this appeal follows. It is stipulated that both First avenue south and East Marginal way in the city of Seattle are arterial highways.

■ While numerous assignments of error have been made, the only question presented and argued on this appeal is the proper construction of subdivision 14 of § 41, ch. 309, Laws of 1927, p. 802, which reads as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: *Provided,* This paragraph shall not apply to drivers on arterial highways." (Rem. 1927 Sup., § 6362-41.)

It is the contention of appellant that this court should construe the above quoted statute to mean that, where two arterial highways intersect each other, it is the duty of a driver to look out for, and give right of way to, vehicles on the right simultaneously approaching a given point, the argument being that, under the rule adopted in this state prior to the enactment of the 1927 statute, the car which reached and entered the intersection first had the right of way. *Yuill v. Berryman,* 94 Wash. 458, 162 Pac. 513; *Jahn & Co. v. Paynter,* 99 Wash. 614, 170 Pac. 132; *Hull v. Crescent Manufacturing Co.,* 109 Wash. 129, 186 Pac. 322.

It is further the contention of appellant that under the rule announced in the cases above cited, confusion was caused and many accidents occurred by reason of drivers racing to first reach and enter the intersection; that the above quoted portion of the Session Laws of 1927, p. 802, was enacted to cure this particular evil, and that it is the duty of the court to so construe this statute as to carry out that intention. Respondent, on the other hand, contends that this statute expressly provides that the portion of it giving the right of way to cars on the right when simultaneously approaching a given point, is, by the express terms of the statute, not applicable to arterial highways; that the statute is plain and unambiguous and there is therefore nothing for the court to construe.

"Where there is no ambiguity in the words, there is no room for construction." *United States v. Wiltberger*, 5 Wheat (U. S.) 76.

"Where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it." *Hamilton v. Rathbone*, 175 U. S. 414.

We hold that, when the legislature in the quoted portion of subdivision 14 of § 41, used the words "Provided, this paragraph shall not apply to drivers on arterial highways," it used language that is clear and unambiguous, and because of that fact, the court can not disregard the plain provisions of the statute and attempt to construe a provision already certain. For the court so to do would be to re-write the statute to conform to our ideas of what should be done, rather than to accept the statute as the legislature has enacted it. Agreeing with all appellant has said about the purpose to be accomplished by this remedial legislation, the court is powerless, in face of the plain provisions

of the statute, to give the construction for which appellant contends. The judgment is therefore affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.