[No. 25851. Department One. December 9, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Raymond E. George, Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

[1]Reported in 52 P. (2d) 360.

A. C. Van Soelen, Glen E. Wilson, and Tom M. Alderson, Jr., for appellants (Joseph E. Gandy, of counsel for appellant Payne).

Meier & Meagher, for respondent.

STEINERT, J.—This is a mandamus action to compel the reinstatement of a civil service employee to the position formerly held by him and, further, to compel the issuance to him of salary warrants covering the period of his enforced lay-off. Upon a trial to the court, a decree granting the relief prayed for was entered. The defendants have appealed.

The question before us involves, primarily, the right of priority between two civil service employees claiming the same position, namely, that of lineman. The facts are not in dispute.

The government of the city of Seattle is divided into fourteen departments, included in which are the department of police and the fire department. Article III, § 1, Seattle City Charter. The city maintains what is known as a police and fire alarm system, which is under the supervision of the chief of the fire department. The expense of maintaining the system is, for budget purposes, allocated sixty per cent to the fire department and forty per cent to the department of police. Each of the two departments just referred to has its own pension system.

On February 1, 1930, after written examination, relator, Raymond E. George, was appointed to the position of lineman in the department of police. On the same day, appellant Charles Payne was, in like

manner, appointed to the position of lineman in the fire department. The duties of the two appointees were identical, they being connected with the police and fire alarm system. As will hereinafter be more fully explained, George held his position until December 31, 1934. Payne held his position until August 19, 1932, and was then laid off because of a reduction of force in the fire department. On August 26, 1932, a vacancy occurred in the position of lineman in the department of police, and Payne was thereupon transferred from the fire department to the police department and was appointed to the vacant position, which he held until December 31, 1934. Payne's transfer from the one department to the other was made pursuant to Rule X, § 4 (a) of the civil service rules of the city of Seattle.

The civil service records of the two men disclosed that, after allowing for leaves of absence and lay-offs, George, on December 31, 1934, had been employed in the department of police a period of time totaling four years, nine months and twenty-two days. Payne's record showed that, on the same date and on the same basis, he had been employed for a period of two years, six months and twenty-two days in the fire department and a period of two years, three months and four days in the department of police, or a total period of four years, nine months and twenty-six days in both departments. It will thus be observed that Payne's combined employment in both departments exceeded that of George by four days, but that Payne's employment in the department of police alone was two years, six months, and seventeen days less than that of George in the same department.

On December 31, 1934, owing to the fact that the 1935 budget provided for one less lineman than did the budget for the preceding period, it became neces-

sary to lay off either George or Payne. The civil service commission computed, and took into consideration, Payne's combined service in both departments and, having found that such combined service exceeded the service of George by four days, gave Payne seniority and accordingly approved the lay-off of George. This action was then instituted by the relator and resulted in a decree reinstating George in preference to Payne.

The determination of the question before us rests wholly upon the proper application of Rule X, § 5 of the civil service rules of the city of Seattle, under which the lay-off was made. That rule, so far as it is material, or to be noticed, here, reads as follows:

"Section 5. LAY-OFFS. *In reduction of force in a given position in a department,* those who have no civil service standing shall be first laid off, then probationary employees; then civil service employees with least service under their last examination, *dating from appointment for the same position in that department.* In computing service, full consideration shall be given for actual service when the employee is serving in a higher grade or *position in the same department* whether in or out of the classified service. . . ."

We have italicized that portion of the section which is particularly applicable to this case.

The appellants offered to prove that the civil service commission had previously made an executive and administrative construction and interpretation of the lay-off rule, Rule X, § 5, *supra,* in the light of its rule covering transfers, Rule X, § 4 (a); and that its construction of the lay-off rule was to the effect that, where an employee was transferred from one department to another, his service was to be considered as continuous from date of appointment to the position from which he was transferred. The court sustained an objection to the offered evidence. However, the

record contains, as an exhibit, an extract from the minutes of a meeting of the civil service commission held November 9, 1932, which sets out specifically such construction. We shall, therefore, consider the record as though the proof offered had actually been admitted.

Such rules as the civil service commission adopts and promulgates under the authority delegated to it by the city charter have the force of law. 5 R. C. L. 611, § 5. The ordinary rules of statutory construction are, therefore, applicable to them.

A cardinal rule of statutory construction, followed by the courts, is that, where a statute is clear upon its face and is fairly susceptible of but one construction, that construction must be given. *Burdick v. Kimball,* 53 Wash. 198, 101 Pac. 845; *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766; *Pacific Match Co. v. Burroughs Adding Machine Co.,* 157 Wash. 434, 289 Pac. 16. Stated in another way, interpretation is unnecessary when the statute is plain and admits of but one meaning. *In re Eaton's Estate,* 170 Wash. 280, 16 P. (2d) 433.

It is true that, where the legislature has put its positive construction upon a statute, whether done contemporaneously or by later enactment, such construction will control. *State v. Youngbluth,* 60 Wash. 383, 111 Pac. 240; *State ex rel. Oregon R. & N. Co. v. Clausen,* 63 Wash. 535, 116 Pac. 7; *State v. Herr,* 151 Wash. 623, 276 Pac. 870; 25 R. C. L. 1047, § 275. But it is also true that administrative or executive officers may not place a construction upon a statute contrary to its plain terms and meaning. *State ex rel. Pindall v. Ross,* 55 Wash. 242, 104 Pac. 216; *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901; *State ex rel. Leach v. Fishback,* 79 Wash. 290, 140 Pac. 387; *Schoen v. Seattle,* 117 Wash. 303, 201 Pac. 293.

If a statute be ambiguous in meaning, an adminis-

trative or executive construction of, and practice under, it will be accorded great weight. But where the meaning of the statute is plain and unequivocal, the court will construe it according to its true intent, notwithstanding a contrary construction made, or practice indulged in, by executive or administrative officers. *Long v. Thompson,* 177 Wash. 296, 31 P. (2d) 908.

The civil service commission is an administrative body. By Art. XVI, § 4 of the Seattle city charter, the commission is authorized and directed to make rules with the view of carrying out the purposes of civil service and, from time to time, to *make changes* in existing rules. By § 5 of the same article, all rules and *changes therein* must be printed for distribution, and notice of the date of their operative effect must be published in the city's official newspaper. A mere construction or interpretation of a civil service rule is not the promulgation of a new rule, nor is it a change in an existing rule. It is not accompanied by the formalities required in the adoption of a rule or change in rule.

The civil service commission may construe its own rules when they are subject to construction, that is, where they are capable of two interpretations. *State ex rel. Buchanan v. Seattle,* 171 Wash. 113, 18 P. (2d) 3. But the commission may not violate its rules formally promulgated. *State ex rel. Strecker v. Listman,* 156 Wash. 562, 287 Pac. 663. While the construction placed by the commission upon its rules is, in a proper case, entitled to great weight, yet where the meaning of the rule is plain and unequivocal, the court will construe it according to its true intent, notwithstanding a contrary construction made, or practice indulged in, by the administrative body.

■■ Rule X, § 5, above quoted, is clear and unambiguous on its face as to the order to be followed in the

reduction of force *in a given position in a department.* After eliminating those who have no civil service standing and those who are merely probationary employees, the rule provides that there shall be laid off those civil service employees who have the least service dating from appointment for the *same position in that department.*

Statutes should, if possible, be so construed as to give every word or clause its true significance. *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462; *Murray v. Department of Labor & Industries,* 151 Wash. 95, 275 Pac. 66; 25 R. C. L. 1004, § 246. When full meaning and effect are given to the wording of Rule X, § 5, as above quoted, it is clear that it has reference to the specific department in which the reduction of force is to be made, and that the contemplated lay-off must be determined according to the date of appointment to the particular position in *that department.* The lay-off relates to a given position in a department, and the period of service dates from the appointment to the same position in that department. In the second sentence of § 5 of Rule X, provision is made for computing a combined service where the employee is serving in a higher grade or position in the *same department.* No reference, however, is made to part-time service in a wholly different department.

Any interpretation of Rule X, § 5, other than as thus adopted, would permit the civil service commission to violate its own plainly expressed rules. It would, in short, have the effect of permitting the commission to abrogate its solemn rules by merely giving them a construction contrary to their plain meaning. If a rule be found to be unworkable or unsatisfactory, it should be abrogated or changed, and not enervated by misconstruction.

Under the explicit provision of § 5 of Rule X, appel-

lant Payne had the lesser period of service dating from the time of his appointment to the position of lineman in the department of police. With respect to the subject of lay-offs, relator George was senior in service to Payne.

The decree is affirmed.

MITCHELL, TOLMAN, BLAKE, and GERAGHTY, JJ., concur.