[No. 36042.    Department Two.    October 25, 1962.]

THE STATE OF WASHINGTON, on the Relation of SAMUEL MULKEY, et al., Respondent, v. THE CITY OF AUBURN et al., Appellants.*

*James L. Salley* (of *Walthew, Warner & Keefe*), for appellants.

*Alva C. Long*, for respondent.

*Robert M. Smythe*, amicus curiae.

WEAVER, J.—The members of the civil service commission of the city of Auburn appeal from a judgment of the superior court declaring void a civil service examination given by the commission for the position of police sergeant.

The trial court set forth in its oral decision four particulars in which the civil service commission failed to comply with statutes, and the rules and regulations of the commission. Only two of these infractions are listed in the findings of fact.

The trial court found:

"V.    That the civil service rules of the City of Auburn passed and approved September 15, 1947, require that the chief examiner of the civil service commission be present

*Reported in 375 P. (2d) 499.

during all tests. That during the test given on the 7th day of June, 1960, the said chief examiner was not present at all times, in violation of said rules.

"...

"VII. The civil service commission did not at any time amend their civil service rules which Rules & Regulations were filed herein as Petitioners exhibit #1."

The general rules and regulations of the civil service commission of the city of Auburn were adopted September 15, 1947, pursuant to RCW 41.12. Rule I, § 2 did not establish a job classification for police sergeant.

June 9, 1950, the secretary of the Auburn civil service commission notified the mayor by letter that Rule I, § 2 had been amended to include the position of police sergeant.

We point out that neither the 1947 rules and regulations nor the 1950 purported amendment designate the duties or specify the qualifications of a police sergeant. This omission prompted the trial court to state in its oral decision:

"Perhaps one of the most serious violations of the rules of procedure which are required in these types of matters is the matter of setting forth and creating a position. There is no position of sergeant in the police force of the City of Auburn because they have not set forth the job specification. There is nothing upon which the Civil Service Commission has any basis to examine anybody because they have not specified what the job of sergeant is.

"Unless the state statute creates the specifications by itself of sergeant, there is no common law specification of sergeant. We have no way to tell whether they have examined into the area in which a sergeant should be qualified. A sergeant in the Army is one thing; a sergeant in the Marine Corps is another. A sergeant in the police department of the City of New York is one thing, in the City of Auburn another and in the City of Mercer Island still another."

The effect of this deficiency is well illustrated in the record by the uncontroverted description by respondents of the four or five minute oral "examination" given them. Since there were no fixed standards for the position of sergeant, the oral interviews did not rise to the dignity

of an examination. The Auburn Chief of Police, a man of considerable experience in the field, was asked the following question:

"Q. . . . Is it your statement that this oral examination did not meet the standards of oral examinations that you know of? A. That is my opinion."

The Chief of Police also testified that the examination did not meet the test of nationally accepted standards.

We do not find it necessary to resolve the legality of the 1950 amendment to the civil service rules and regulations, for the question is now moot.

In oral argument before this court, both counsel stated that subsequent to the entry of judgment from which this appeal is prosecuted, the civil service commission of Auburn adopted new civil service rules and regulations that establish the position of police sergeant and specifically set forth the duties and qualifications of the position. This, counsel for respondents announced, accomplished the purpose of the law suit.

Auburn civil service regulations, General Regulations I, § 3, provides:

"The Chief Examiner shall under the direction of the Commission prepare the examination questions and tests for the applicants for the Police Department of the City; he shall supervise examinations and mark and grade all papers in a fair and impartial manner, *and shall be personally present at all examinations.*" (Italics ours.)

It is undisputed that the chief examiner, a civil servant, was not present in the room during the oral examinations. Appellants contend this violation is not material. We do not agree.

■ Although the commission may exercise wide discretion when conducting examinations, it may not violate its own regulations formally promulgated. The regulation is plain and unequivocal. We must apply it according to its true intent " . . . notwithstanding a contrary construction made, or practice indulged in, by the admin-

istrative body." *State ex rel. George v. Seattle*, 184 Wash. 560, 565, 52 P. (2d) 360 (1935).

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.