[No. 448-1.    Division One—Panel 1.    February 8, 1971.]

ALFRED K. FRIDELL et al., Appellants, v. SEATTLE CIVIL SERVICE COMMISSION et al., Respondents.

*Clinton, Moats, Andersen & Fleck* and *Richard J. Glein,* for appellants.

*A. L. Newbould, E. Neal King, Miracle & Pruzan,* and *Howard Pruzan,* for respondents.

WILLIAMS, J.—The purpose of this action was to compel the reinstatement of plaintiffs Alfred K. Fridell and Carl Sandbeck as officers with the permanent rank of lieutenant on the city of Seattle police force. This appeal is from a judgment of dismissal of their complaint.

The facts as found by the trial court and which are supported by the evidence are, in substance, as follows:

In April, 1969, respondent city of Seattle created two new lieutenant positions on its police force. At that time three sergeants were on the register certified for promotion to lieutenant by respondent Seattle Civil Service Commission (Commission). Of these, respondent Milton V. Price, who intervened herein, was fully eligible. The other two, appellants Alfred K. Fridell and Carl Sandbeck, had not been in service 2 years as police sergeants. Their eligibility was delayed until the completion of that service.

On May 1, 1969, respondent Frank C. Ramon, as chief of police, wrote respondent Thomas F. Hanley, the secretary of the Commission, requesting that the 2-year requirement of service in grade of sergeant be waived as to the appellants. The waiver was granted by letter of the secretary on May 8, 1969. The same day appellants were promoted to the permanent rank of lieutenant. Within 14 days thereafter, respondent Price filed a protest with the Commission challenging the granting of the waiver. After continued hearings, the Commission reversed its secretary and ordered appellants' promotions rescinded. This action followed.

Appellants make three contentions in support of their appeal. The first is that their appointments to lieutenant were completed by the action of the chief and that the Commission had no further authority in the matter. If it is true that the appointments were fully completed, then appellants are correct, for the city charter provision for the

removal of officers does not place that power in the Commission. However, we do not believe the appointments were final because of the rules of the Commission establishing its administrative machinery. Although these rules provide that most of the functions of the Commission pertaining to examination and certification of candidates for civil service positions are to be carried out by the secretary, the Commission reserves to itself the power to review or modify any act or decision of the secretary either on its own motion or upon the protest of any person adversely affected by any such act or decision if such protest is made within 14 days thereof. Because of the retention by the Commission of the power to review the actions of its secretary, the secretary in making the waiver did not perform a final act of the Commission, but rather a conditional one which was subject to review and withdrawal.

There is no question but that the Commission had the power to develop its internal procedures and specify when the action of its secretary could be considered to be the final pronouncement of the Commission. Article 16 of the city charter expressly authorizes the Commission to promulgate rules to carry out its purposes. *See State ex rel. Strecker v. Listman,* 156 Wash. 562, 287 P. 663 (1930).

■ Next, appellants assert that respondents are estopped from vacating the appointments. Estoppel requires:

> (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Nelson v. Bailey,* 54 Wn.2d 161, 168, 338 P.2d 757, 73 A.L.R.2d 1400 (1959). Since the secretary did not have the authority to grant an irreversible waiver, if indeed he had authority to grant a waiver at all, there was no statement or act of the Commission upon which anyone, least of all appellants, could rely. Estoppel, therefore, is not in the case.

Finally, appellants contend the act of the Commission in reversing its secretary was arbitrary and capricious, and therefore void. There is a failure of proof in the record to support this contention, and the trial court so found.

In the judgment of the trial court, intervenor Price was ordered to be promoted to fill one of the two lieutenant vacancies. The city of Seattle has not appealed from the judgment, and in view of our determination that appellants are not entitled to the vacancies under these circumstances, they have no standing to complain.

In view of our disposition of the appeal on the merits, it would serve no useful purpose to pass on the motion of respondent Price to dismiss the appeal on the ground that the supplemental transcript was either improperly made part of the record on appeal or was filed late.

The judgment is affirmed.

HOROWITZ, C. J., and UTTER, J., concur.