[No. 2751-2.   Division Two.   August 10, 1978.]

ALVIN CASEBERE, ET AL, *Respondents,* v. CLARK COUNTY CIVIL SERVICE COMMISSION, ET AL, *Defendants,* VICTOR CALZARETTA, ET AL, *Appellants.*

74

*Robert L. Harris* and *Mason & Harris,* for appellants.

*Kenneth W. Weber, Weber & Baumgartner,* and *Darrell E. Lee,* for respondents.

PEARSON, C.J.—Appellants are two lieutenants and two sergeants in the Clark County Sheriff's Office promoted to their rank on the basis of certain civil service examinations. They appeal from a Superior Court order invalidating the results of those examinations and revoking their promotions. We agree with their contention that plaintiffs in this action had no standing to appeal the results of the lieutenant's examination and, therefore, we reverse the Superior Court order invalidating that examination. However, we affirm the Superior Court's order regarding the sergeant's examination.

In January 1976 written and oral examinations were given to all deputy sheriffs in Clark County interested in promotion to lieutenant and sergeant. Three deputies took the lieutenant's examination; the two with the highest scores were eventually promoted. Twenty–three deputies took the sergeant's examination, with the top two receiving promotions. Following the announcement of the results, 17 deputies applied to Superior Court for writs of mandamus, prohibition, and review on the ground that the exams were improperly administered. None of the 17 took the lieutenant's examination, nor do they contend they were eligible to take the test.[1] Nevertheless, they argue that they have standing as interested citizens to seek judicial review of the lieutenant's examination as well as the sergeant's examination.

---

[1] In a recent decision, our Supreme Court has pointed out that standing to challenge agency rules is liberally granted. *See Bolser v. State Liquor Control Bd.,* 90 Wn.2d 223, 225–26, 580 P.2d 629 (1978). But, as noted above, appellants did

■ It is well settled that a person whose only interest in a legal controversy is one shared with citizens in general has no standing to invoke the power of the courts to resolve the dispute. *See Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 41 L. Ed. 2d 706, 94 S. Ct. 2925 (1974). Of course, the legislature may create statutory exceptions to this principle, *see* B. Schwartz, *Administrative Law* § 154 (1976). Plaintiffs argue that such an exception is created in RCW 41.14.060(3) which states that the civil service commission must investigate irregularities and abuses "on petition of a citizen."

■ Simply because a citizen is entitled to have an administrative investigation of his allegations does not mean he is entitled to review by the courts as well. Absent specific language in RCW 41.14 giving citizens standing to challenge the results of civil service investigations, there is no standing for plaintiffs in this case to seek review of the lieutenant's examination. *Fridell v. Seattle Civil Serv. Comm'n,* 4 Wn. App. 227, 230, 480 P.2d 525 (1971); *but see* RCW 41.14.220 (provides for state criminal enforcement of civil service laws).

On the other hand, we hold that plaintiffs do have standing to obtain judicial review of the sergeant's examination because (a) they suffered injury in fact personal to themselves, and (b) the interest they are seeking to protect—the right to have the civil service commission make appropriate rules and follow those rules—is arguably within the zone of interests protected by RCW 41.14 and constitutional due process. *See generally Blondheim v. State,* 84 Wn.2d 874, 529 P.2d 1096 (1975); RCW 41.14.010; K. C. Davis, *Administrative Law Text* § 22.02 (3d ed. 1972).

■ Appellants' second contention is that the sergeant's examination cannot be judicially reviewed because it involved a nonjudicial function of an administrative agency. Any merit in this contention no longer exists as a result of

---

not challenge the eligibility rules for the lieutenant's examination. Furthermore, standing to challenge the eligibility rules would not automatically confer standing to challenge the results.

our recent decision in *Green v. Cowlitz County Civil Serv. Comm'n,* 19 Wn. App. 210, 577 P.2d 141 (1978). In *Green* we held that civil service examinees have a fundamental right to have the civil service commission follow its statutes, rules, and regulations. If this fundamental right is not forthcoming, the examinee may invoke the inherent review power of the courts even as to nonjudicial administrative actions.

Plaintiffs applied for judicial review immediately after the test results were announced.[2] Review was postponed, however, so that the civil service commission could conduct a hearing on the matter. This was the appropriate disposition in view of the agreement of the parties that exhaustion of administrative remedies was required. *See Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977). By the terms of a stipulation entered into by the plaintiffs and the commission, the Superior Court retained jurisdiction while the commission completed its review. Subsequently, the Superior Court heard the case upon plaintiffs serving notice of resumption of proceedings. Appellants contend this procedure was improper and that plaintiffs should have filed a separate notice of appeal and amended their "complaint." This argument is without merit because appellants were intervenors in the Superior Court action and intervenors must accept the pleadings as they find them. *General Ins. Co. of America v. Hercules Constr. Co.,* 385 F.2d 13 (8th Cir. 1967); *Galbreath v. Metropolitan Trust Co.,* 134 F.2d 569 (10th Cir. 1943). When appellants entered the case, the stipulation reserved to plaintiffs the right to resume their previous action. Furthermore, the appellants waived any error by stipulating on July 20, 1976, that "plaintiffs' petition shall henceforth be treated as a

---

[2]As noted above, plaintiffs entitled their action as an "application for writs of mandamus, prohibition, and review." We are not concerned with the title of the action, but the allegations contained therein. We consider plaintiffs' action to be an "application for judicial review, injunctive relief, and whatever other relief may be appropriate." The Superior Court's order of July 22, 1976, and the parties' stipulation of the same date reflect the same understanding.

petition for whatever relief as may be appropriate." *See Birkeland v. Corbett,* 51 Wn.2d 554, 565, 320 P.2d 635 (1958).

Having concluded that judicial review was available to plaintiffs and that they had standing to appeal the results of the sergeant's examination, we next examine the propriety of the relief granted. The Superior Court's order of invalidation was based on undisputed evidence in the record that the commission largely ignored the statutory scheme of RCW 41.14 insofar as examination procedures were concerned. The commission did not approve or review in advance either the oral or written examinations, nor did the sheriff make a written request to the commission for certification of the person eligible for promotion to the rank of sergeant following the examination, nor did the commission make such a certification. All of these procedures were required by rule or statute.[3]

In addition, the record shows that the chief examiner followed procedures not provided for in the commission's rules and regulations. He allowed three individuals

---

[3]The General Rules and Regulations of the Clark County Civil Service Commission—Sheriff's Department—state in pertinent part:

Rule 5, § 2. "The Chief Examiner shall prepare the examination questions, and tests for the applicants for all positions, with the approval of the Commission.
" . . .

"[Rule 8, §1] In making his appointment of the highest person on the eligible list as certified by the Commission, the appointing officer, upon written request will be furnished with the application, certificates, and examination record of the persons certified; and may, also, summon before him any certified person for such verbal inquiries as he may deem proper. All such papers must be returned to the Commission."

RCW 41.14.130 states in pertinent part:

"Whenever a position in the classified service becomes vacant, the appointing power, if it desires to fill the vacancy, shall requisition the commission for the name and address of a person eligible for appointment thereto. The commission shall certify the name of the person highest on the eligible list for the class to which the vacant position has been allocated, who is willing to accept employment. If there is no appropriate eligible list for the class, the commission shall certify the name of the person standing highest on the list held appropriate for such class. If more than one vacancy is to be filled an additional name shall be certified for each additional vacancy. The appointing power shall forthwith appoint such person to the vacant position."

appointed by himself to conduct and grade the oral examination, he gave the oral examiners copies of the examinees' written test scores and prior service evaluations, and he made comments, favorable and unfavorable, about various examinees to the oral examiners. These unwritten procedures violate RCW 41.14.060(1), which states that the *commission* must "make suitable rules and regulations" that "provide in detail the manner in which examinations may be held, and . . . promotions . . . shall be made".

█ Our Supreme Court has long held that failure of a civil service commission to follow its rules and regulations is grounds for invalidating a civil service examination. *See, e.g., State ex rel. Mulkey v. Auburn,* 60 Wn.2d 728, 375 P.2d 499 (1962). In this case we are confronted not only with the failure to follow established rules, but also the failure to provide detailed rules as required by statute. We agree with the Superior Court that the combination is grounds for invalidating the examination and its results. The commission's conclusion to the contrary is an error of law and subject to judicial review and correction. *See Green v. Cowlitz County Civil Serv. Comm'n, supra.*

█ Appellants' last assignment of error concerns the Superior Court's determination that the position of chief examiner was vacant because the appointment of Mr. Fred Hyland was contrary to law.[4] No one disputed that Mr. Hyland was appointed to his position without competitive examination as required by RCW 41.14.050; however, he had served in that capacity for 5 years without question. Mr. Hyland functioned as a de facto officer for purposes of the examination, *see National Bank of Washington v. McCrillis,* 15 Wn.2d 345, 130 P.2d 901, 144 A.L.R. 1197

---

[4]RCW 41.14.050 states in pertinent part:

"The chief examiner shall be appointed as a result of competitive examination, which examination may be either original and open to all properly qualified citizens of the county, or promotional and limited to persons already in the service of the county sheriff's office. The chief examiner may be subject to suspension, reduction, or discharge in the same manner and subject to the same limitations as are provided in the case of members of the classified service."

(1942), and his lack of de jure status has no effect on the validity of the examination. Because the question of Mr. Hyland's de jure status is immaterial to the contentions raised by the parties, there was no need for the Superior Court to order Mr. Hyland to vacate his office, particularly where such relief was not requested by plaintiffs. We note that the commission recommended a further study of this matter in its investigation report. We are confident that having been informed of the violation, the commission has or will take steps to comply with RCW 41.14.050. *See* RCW 41.14.220.

The Superior Court's order invalidating the results of the sergeant's examination is affirmed, but the remainder of the order is reversed for the reasons set forth above.

PETRIE and SOULE, JJ., concur.

Reconsideration denied September 21, 1978.