95 Wn.2d 769 (1981)
630 P.2d 930
ROBERT E. KIRK, Petitioner,
v.
PIERCE COUNTY FIRE PROTECTION DISTRICT NO. 21, ET AL, Respondents.
No. 47277-7.
The Supreme Court of Washington, En Banc.
July 9, 1981.
*770 Gary G. Weber, for petitioner.
Rush, Kleinwachter & Hannula, by Ross E. Taylor, for respondents.
WILLIAMS, J.
In this case we are asked to decide if a fire protection district violated the Open Public Meetings Act of 1971 (act), RCW 42.30, when it held a meeting to dismiss the fire chief. The Court of Appeals held there was no violation of the act, and we affirm.
In 1971, acting pursuant to a newly enacted resolution, the Board of Fire Commissioners of the Pierce County Fire Protection District No. 21 (district) appointed petitioner Robert E. Kirk to fill the new position of fire chief. He was hired on a monthly basis with no definite tenure, nor was he entitled to tenure by contract, resolution, or any statute.
For reasons not pertinent to this appeal, petitioner, who was covered by the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF), RCW 41.26, was placed on disability leave in early November 1975. On May 5, 1976, the local LEOFF disability board directed petitioner to return to his official duties as of May 7, 1976.
On May 6, 1976, two of the three fire commissioners held an "executive meeting" to consider petitioner's dismissal from his position; petitioner and the board secretary were also present. Petitioner offered no comment on the proposed *771 dismissal, and the district, purporting to act through the two commissioners, terminated his employment effective at 8:01 a.m., May 7, 1976.
Petitioner brought an action for wrongful termination of his employment, seeking reinstatement and damages for lost salary and benefits. The trial court granted petitioner's motion for summary judgment, ruling that because the district had not complied with the notice requirements for a special meeting, the district's action in dismissing petitioner on May 6 was invalid under the act. It awarded judgment in the amount of $20,513.03 in lost wages and ordered the district to pay the Internal Revenue Service $2,831.97 on account of that judgment. Apparently because it found that petitioner was not entitled to tenure, the court did not order reinstatement.
In an unpublished opinion, the Court of Appeals reversed the summary judgment and awarded a judgment of dismissal to the district. The court held that the act expressly provides that nothing in RCW 42.30 shall prevent a governing body from holding an executive session to consider the dismissal of a public officer. Characterizing the May 6 meeting as a valid executive session, the court concluded there had been no violation of the act.
The act provides that the governing body of a public agency shall establish the time and place for holding regular meetings. RCW 42.30.070. The act also provides for special meetings which may be held upon compliance with certain notice requirements. RCW 42.30.080.
RCW 42.30.110 provides that
Nothing contained in this chapter shall be construed to prevent a governing body from holding executive sessions during a regular or special meeting ... to consider the appointment, employment, or dismissal of a public officer or employee[.]
Finally, a proviso to RCW 42.30.140 directs that the act shall not apply to:
(2) That portion of a meeting of a quasi-judicial body which relates to a quasi-judicial matter between named *772 parties as distinguished from a matter having general effect on the public or on a class or group ...
It is undisputed that the meeting at issue in this case was not a regularly scheduled meeting. Petitioner contends that the meeting also could not have been a special meeting, because the district failed to comply with the special notice requirements of RCW 42.30.080, which provides in part:
A special meeting may be called at any time by the presiding officer of the governing body of a public agency or by a majority of the members of the governing body by delivering personally or by mail written notice to each member of the governing body; and to each local newspaper of general circulation and to each local radio or television station which has on file with the governing body a written request to be notified of such special meeting or of all special meetings. Such notice must be delivered personally or by mail at least twenty-four hours before the time of such meeting as specified in the notice. The call and notice shall specify the time and place of the special meeting and the business to be transacted.
(Italics ours.)
[1] In this case, one commissioner was neither present nor notified in writing in advance of the "executive meeting", but the trial court found he ratified the actions of his fellow board members at the regular meeting held May 11, 1976. Moreover, the record reveals an uncontested sworn statement by the board secretary that the absent commissioner knew that the other two would be considering the matter of petitioner's dismissal and had indicated in advance he would concur in their decision. In any event, even if the absent commissioner was not properly notified, petitioner has no standing to raise the matter of improper notice to a board member. Only the aggrieved member of the board could raise that issue, and he failed to raise it. See State ex rel. Hays v. Wilson, 17 Wn.2d 670, 673, 137 P.2d 105 (1943); Casebere v. Clark County Civil Serv. Comm'n, 21 Wn. App. 73, 76, 584 P.2d 416 (1978).
Although the special meetings section provides for notice *773 to the print and broadcast media, it requires only that notice be sent to those media which have filed a request for notice with the governing body. RCW 42.30.080. See Attorney General Opinion, October 29, 1971. In this case, no newspaper, or radio or television station had filed such a request with the district, and thus the district was under no obligation under the act to give any public notice. It follows that petitioner cannot complain that this portion of the notice requirements for a special meeting was violated.
It is apparent that the May 6 meeting would have complied with all requirements for a valid special meeting had all three commissioners received proper notice. Since petitioner has no standing to complain that a commissioner was not properly notified, however, he cannot challenge any actions taken by those present at the meeting.
Petitioner also contends that as a result of his wrongful dismissal he is entitled to damages, but he alleges no wrongdoing except violation of the act. Even assuming petitioner would have a private cause of action for such a violation, a question we need not decide, we discern no basis for an award of damages in these circumstances where there is no violation of which petitioner can complain.
The Court of Appeals is affirmed.
BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, DORE, and DIMMICK, JJ., concur.
Reconsideration denied September 4, 1981.