# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST, | No. 48182-1-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY COUNCIL, RICK TALBERT, JOYCE McDONALD, JIM McCUNE, CONNIE LADENBERG, DOUGLAS RICHARDSON, DEREK YOUNG, | PUBLISHED IN PART OPINION |
| Respondents. | |

SUTTON, J. — Arthur West filed a complaint against the Pierce County Council (Council) alleging violations of the Open Public Meetings Act (OPMA).[1] He appeals the superior court's order granting the Council's motion for summary judgment and dismissing his complaint with prejudice. In the published portion of this opinion, we hold that West had standing under the plain language of the statutory provisions in the OPMA. In the unpublished portion, we hold that summary judgment was appropriate on the merits because there was no substantive OPMA violation. Accordingly, the superior court did not err by granting the Council's motion for summary judgment. We affirm.

---

[1] Ch. 42.30 RCW.

FACTS

West filed an action under RCW 42.30.120 and .130 against the Council alleging violations of the OPMA based on a series of e-mails between members of the Council and the Pierce County Prosecuting Attorney's Office. The Council filed a motion for summary judgment. The superior court concluded that West lacked standing, and, alternatively, that he had failed to establish a genuine issue of material fact on the alleged OPMA violation. The superior court granted the Council's motion for summary judgment. West appeals.

ANALYSIS

West argues that, because on our broad interpretation of the OPMA, he has standing as "any person" to bring an action under RCW 42.30.130. Br. of App. at 24. We hold that, because the plain language of the OPMA confers standing on "any person," West has standing.

When the legislature creates a cause of action, we review the issue of standing based on the language of the statute. *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826, 380 P.3d 82 (2016). "Courts give effect to the plain meaning of unambiguous statutes." *West*, 194 Wn. App. at 826. "Courts may look at the provision of a statute in context to determine its plain meaning." *West*, 194 Wn. App. at 826.

The OPMA declares that "[a]ll meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend any meeting of the governing body of a public agency, except as otherwise provided in this chapter." RCW 42.30.030. And, the OPMA creates two specific causes of action for violations of the act: civil penalties and injunctions. Under RCW 42.30.120, civil penalties may be assessed against members of a governing body who violate a provision of the OPMA and "an action to enforce this penalty may be brought by any

person." Under RCW 42.30.130, "[a]ny person may commence an action either by mandamus or injunction for the purpose of stopping violations or preventing threatened violations of this chapter by members of a governing body."

Our Supreme Court addressed standing for an OPMA claim to void an agency action in *Kirk v. Pierce County Fire Prot. Dist. No. 21*, 95 Wn.2d 769, 630 P.2d 930 (1981). In *Kirk*, the petitioner brought an action to void an action by the Pierce County Fire District based on the failure to provide notice of a special meeting to one of the commissioners. 95 Wn.2d at 771-72. In rejecting the petitioner's claim, our Supreme Court stated, "In any event, even if the absent commissioner was not properly notified, petitioner has no standing to raise the matter of improper notice to a board member. Only the aggrieved member of the board could raise that issue, and he failed to raise it." *Kirk*, 95 Wn.2d at 772. The Council argues that *Kirk* imposes general standing requirements on every OPMA claim.

However, recently, Division One of this court directly addressed the standing requirements for OPMA claims brought under RCW 42.30.120 and .130. *West,* 194 Wn. App. at 826-28. In *West*, Division One distinguished *Kirk* and relied on the plain language of the OPMA. *West,* 194 Wn. App. at 827-28. Division One examined the statutory language of RCW 42.30.120 and .130 and determined that the plain language of the OPMA conferred standing on "any person" to bring a claim for sanctions or an injunction. *West*, 194 Wn. App. at 827-28.

The Council argues that we should reject Division One's opinion in *West* because it conflicts with the Supreme Court's opinion in *Kirk*. Division One adopted a narrow interpretation of *Kirk* because *Kirk* did not address the statutory causes of action established under RCW 42.30.120 and .130. *West,* 194 Wn. App. at 827-28. Division One held that the holding in *Kirk*

did not apply to *West* because *West* addressed the issue of direct standing for an action explicitly created by statute. *West,* 194 Wn. App. at 827-28. In contrast, *Kirk* addressed the issue of whether a petitioner could void an agency action based on the failure to provide notice to a third party. *Kirk*, 95 Wn.2d at 772. Division One then applied the plain language of RCW 42.30.120 and .130 to hold that "any person" has standing because the statutes by their express terms allow "any person" to bring a claim. *West*, 194 Wn. App. at 828. Because *West* addressed standing under the plain language of the OPMA, not standing for the implied cause of action voiding an agency action, Division One's opinion in *West* does not conflict with *Kirk*.

The Council also asserts that Division One's opinion in *West* is in conflict with *Kirk* because Division One's opinion would necessarily have changed the result reached by our Supreme Court in *Kirk*. What the Council fails to recognize is that *Kirk* did not address the specific statutory language in RCW 42.30.120 and .130. RCW 42.30.120 allows "any person" to bring a claim for sanctions and RCW 42.30.130 allows "any person" to bring an action for an injunction; however, there is nothing in the statutory language of the OPMA that allows "any person" to bring a claim to void a governing body's decision for failure to give required notice to a third party. RCW 42.30.060(1). Although the OPMA declares that "[a]ny action taken at meetings failing to

comply with [chapter 42.30 RCW] shall be null and void," the statute does not authorize any person to nullify or invalidate those actions. RCW 42.30.060(1). Accordingly, the result in *Kirk* likely would have been the same regardless of Division One's opinion in *West*.[2]

Contrary to the Council's assertion, Division One's holding that "any person" has standing to bring an action for sanctions or an injunction under RCW 42.30.120 or .130 does not conflict with our Supreme Court's opinion in *Kirk*. And, because Division One's holding is based on a plain language reading of RCW 42.30.120 and .130, and is well-reasoned, we adopt its analysis. *Eriksen v. Mobay Corp.*, 110 Wn. App. 332, 346, 41 P.3d 488 (2002) (opinions of other divisions of this court are not binding but should be followed if the reasoning is sound). Accordingly, because West qualifies as "any person," he has standing to bring his claim for an injunction under RCW 42.30.130.

A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[2] The Council also argues that Division One's opinion in *West* is unsound because it bases part of its reasoning on the assertion that federal standing principles do not apply universally to Washington courts or cases brought under Washington law. The Council cites to *Casebere v. Clark County Civil Service Comm'n Sheriff's Office*, 21 Wn. App. 73, 584 P.2d 416 (1978) to support its argument that federal standing principles apply. But what the Council fails to point out is the court also stated that "the legislature may create statutory exceptions to this principle." *Casebere*, 21 Wn. App. at 76. Here, the legislature has explicitly created an exception to the federal standing rules in RCW 42.30.120 and .130 and, therefore, the Council's argument lacks merit.

Although West has standing to bring his Open Public Meetings Act (OPMA) claim, summary judgment was appropriate because West failed to establish a genuine issue of material fact as to the alleged OPMA violation. Accordingly, the superior court properly granted summary judgment on the merits.

STANDARD OF REVIEW

We review a superior court's order on summary judgment de novo. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends in whole or in part. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact. *See e.g., LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). If the moving party meets its initial burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the non-moving party fails to establish the existence of a genuine issue of material fact, then the superior court should grant the motion for summary judgment. *Young*, 112 Wn.2d at 225.

OPMA

West claims that the Council violated the OPMA by engaging in a series of emails with the Pierce County Prosecutor's Office when it sought legal advice regarding whether to initiate a legal challenge to a referendum. We disagree.

The series of emails at issue here began with the Pierce County Executive informing the Council that the Pierce County Prosecuting Attorney's Office had advised her that a recently filed referendum was likely outside the scope of the Pierce County Charter referendum process. Council member Jim McCune responded to the executive requesting more information regarding the basis for the prosecutor's advice. Prosecuting Attorney Doug Vanscoy responded to the email with a brief explanation of the Prosecuting Attorney's Office's opinion and concluded with:

> The [e]xecutive has requested that a lawsuit challenging the proposal be filed forthwith. She has expressed concern in the past concerning litigation expenses. Because this involves an ordinance, we are also requesting instructions from Council before proceeding. Direction from the [c]hair would be sufficient.

Clerk's Papers (CP) at 26. Council member Joyce McDonald responded and questioned the need for the Council to provide any additional direction at all. Council member Dan Roach inquired about the estimated costs of seeking outside counsel. Roach and McDonald had further communication both noting that it appeared any decision on challenging the referendum lay with the executive, not the Council. Council member Connie Ladenburg stated that she supported the executive's request to have the courts determine the validity of the referendum. Ladenburg also noted that the Council had not met to discuss the referendum and any direction from the chair would not be representative of the majority. And, Council member Rick Talbert emailed

Prosecuting Attorney Mark Lindquist directly stating that he supported the executive's request "for legal support." CP at 38.

The Council also submitted declarations from all the Council members stating that, at the time of the email communication, most of the Council members did not believe that the Council had any role in deciding whether to pursue the lawsuit regarding the referendum because they believed the Pierce County Executive was the decision maker. The Council members also stated that they did not believe they were participating in a meeting through the emails with the prosecuting attorney's office.

Under the OPMA:

> No governing body of a public agency shall adopt any ordinance, resolution, rule, regulation, order, or directive, except in a meeting open to the public and then only at a meeting, the date of which is fixed by law or rule, or at a meeting of which notice has been given according to the provisions of this chapter. Any action taken at meetings failing to comply with the provisions of this subsection shall be null and void.

RCW 42.30.060(1).

When dealing with alleged meetings that occur over electronic communications, a plaintiff alleging a violation of the OPMA must show that (1) a majority of the governing body met, (2) the participants in the communication must collectively intend to meet to transact official business, and (3) participants must take "action" as defined in the OPMA. *Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 564-65, 27 P.3d 1208 (2001).

The OPMA defines "action" as

> the transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony, deliberations, discussions, considerations, reviews, evaluations, and final actions.

RCW 42.30.020(3). When determining whether a "meeting" has occurred through email, the court must "recognize the need for balance between the right of the public to have its business conducted in the open and the need for members of governing bodies to obtain information and communicate in order to function effectively." *Wood*, 107 Wn. App. at 564. In *Wood*, we emphasized that "the mere use or passive receipt of e-mail does not automatically constitute a 'meeting.'" 107 Wn. App. at 564.

There is no evidence that any of the council members who engaged in email communication with the prosecutor's office intended to meet to transact official business. Because West cannot demonstrate a genuine issue of material fact as to whether there was a collective intent to meet to transact official business, we do not address the remaining two elements under *Woods*.

Here, the Council members were communicating with the prosecuting attorney, rather than with each other as a council. And, the Council primarily did not believe that this was an issue that was even part of official council business. Moreover, the Council members stated that they did not believe they were participating in a meeting through the emails with the Pierce County Prosecuting Attorney's Office. The Council also presented evidence showing that the Council members did not intend to hold a "meeting" through the email communications regarding the referendum.

Because *Woods* requires that the participants collectively intend to engage in a meeting to transact official business, there was no OPMA violation based on electronic communication. Moreover, here the email communications related more to information gathering and communication rather than to the transaction of official council business. The Council has demonstrated the absence of a genuine issue of material fact necessary to claim an OPMA

No. 48182-1-II

violation. Therefore, summary judgment in the Council's favor is appropriate. Accordingly, the

superior court did not err by granting the Council's motion for summary judgment. We affirm.

SUTTON, J.

We concur:

MAXA, A.C.J.

JOHANSON, J.

10