[No. 20882-2-II. Division Two. July 31, 1998.]

MARGARET ALLAN, *Respondent*, v. THE UNIVERSITY OF WASHINGTON, *Appellant*.

32

*Michael F. Madden* of *Bennett Bigelow & Leedom*; and *Christine O. Gregoire, Attorney General,* and *Rebecca E. Todd, Assistant,* for appellant.

*Lawrence M. Eichorn* and *Spencer Hall,* for respondent.

Hunt, J. — Margaret Allan filed a petition for declaratory judgment, seeking to invalidate revisions to the adjudication procedures of the University of Washington Faculty Code. She claimed that the revisions were invalid because they were not promulgated in accordance with the rule-making procedures of Washington's Administrative Procedure Act (APA), RCW 34.05.310-.395. The trial court granted Allan's motion for summary judgment and denied the University's cross motion for summary judgment. On appeal, the University argues that (1) Allan does not have standing to challenge the revisions; and (2) the adjudication procedures at issue relate to employment relationships and, therefore, are exempt from the rule-making requirements of the APA. We agree that Allan lacks standing and reverse.

## FACTS

This action stems from a prior adjudication and lawsuit involving Margaret Allan and her husband, G. Graham Allan, a professor at the University. In 1989, a University student filed a sexual harassment complaint against Professor Allan. As a result, the University administration suspended Professor Allan and initiated adjudicatory proceedings against him. Mrs. Allan participated in the proceedings both as a witness and as her husband's supporter. Ultimately, a hearing panel comprising other faculty members decided that the administration had failed to prove its case against Professor Allan, and he was reinstated.

The student then filed a civil suit against the University. In her complaint, she alleged that the University was vicariously liable both for Professor Allan's sexual harassment and for defamatory actions of the Allan family, which included disseminating misinformation about the student's

sexual harassment complaint by publishing articles in the University Daily and handing out leaflets. The student also complained that the University's faculty disciplinary process in sexual harassment cases was inadequate and that the adjudication procedures did not sufficiently protect her rights. The University filed a third party complaint for contribution against Professor and Mrs. Allan.

The University settled the student's lawsuit out of court and agreed to propose and to encourage certain revisions to the procedures governing faculty appeals from disciplinary actions based on student complaints of sexual harassment. Thereafter, the University revised the adjudication procedures in chapter 28 of the UNIVERSITY FACULTY CODE. In these revisions, the University adopted only one of the proposals outlined in the settlement agreement—the proposal relating to the use of hearing officers.

The revisions to Chapter 28 also set forth the rights of "nonparty participants" and identified two classes "of right" and "permissive." "Nonparty participants of right" are defined as "persons who are alleged to be the victims of any harassment, discrimination or other wrongdoing alleged in the Petition, such as a person whose ideas or research allegedly has been misappropriated by a faculty member." UNIVERSITY FACULTY CODE § 28-31.H. A "permissive nonparty participant" is defined as "any person who has a substantial interest that will be affected by the outcome of a Comprehensive Adjudication and whose request to participate in the proceeding has been granted by the Hearing Officer, pursuant to the provisions of section 28-51.A." UNIVERSITY FACULTY CODE § 28-31.I.

## PROCEDURAL HISTORY

On November 21, 1994, Mrs. Allan filed a petition for declaratory judgment seeking to invalidate the University's revisions on grounds that they had not been promulgated in accordance with the APA. She asserted that the University's failure to provide her with notice of the proposed

revisions and opportunity to comment before their adoption violated the rule-making requirements of Washington's APA, RCW 34.05.320(1) and RCW 34.05.325(2), (4), (6). Although the revisions did not formally comply with APA rule-making requirements,[1] the proposed revisions were publicized and Mrs. Allan did comment on them.

The trial court denied the University's motion to dismiss Mrs. Allan's complaint. Mrs. Allan then moved for summary judgment, and the University cross-moved for summary judgment. The trial court granted Mrs. Allan's motion for summary judgment, finding that the APA governed the rule-making process for the University's revisions and that she had standing to challenge the University's revisions in court.

## ANALYSIS

### I

#### STANDARD OF REVIEW

Summary judgments are questions of law, which are subject to de novo review. *Failor's Pharmacy v. Department of Soc. & Health Servs.*, 125 Wn.2d 488, 493, 886 P.2d 147 (1994); *Condor Enters., Inc. v. Boise Cascade Corp.*, 71 Wn. App. 48, 54, 856 P.2d 713 (1993). *See also Folsom v. Burger King*, 135 Wn.2d 658, 985 P.2d 301 (1998). Here, the parties do not dispute the facts. Rather, the pivotal issue is Mrs. Allan's standing.

### II

#### STANDING

■■ Mrs. Allan bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). We agree with the University that in passing the APA, the Legislature did not confer standing on simply anyone who is dissatisfied

---

[1]Mrs. Allan asserts that the University did not comply with the APA because, among other reasons, it neither held a public hearing nor drafted responses to comments. The University does not controvert these assertions.

with the outcome of the rule-making process. Mrs. Allan lacks standing under RCW 34.05.530 to seek judicial review of the University's action because she is not a person "aggrieved or adversely affected" by an agency action. *St. Joseph Hosp. & Health Care Ctr. v. Department of Health*, 125 Wn.2d 733, 739, 887 P.2d 891 (1995). A person is "aggrieved or adversely affected" only if all three prongs of the following test are met:

(1) The agency action has prejudiced or is likely to prejudice that person;

(2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and

(3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

This statutory test is drawn from and explained by federal case law. RCW 34.05.001; *St. Joseph Hosp.*, 125 Wn.2d at 739 (citing *Association of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1970)); *Seattle Bldg. & Constr. Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 793, 920 P.2d 581 (1996), *cert. denied*, 520 U.S. 1210, 117 S. Ct. 1693, 137 L. Ed. 2d 820 (1997). The first and third prongs are generally called "injury-in-fact" requirements, while the second is called the "zone of interest" prong. *St. Joseph Hosp.*, 125 Wn.2d at 739.

## A. Injury in Fact

 Mrs. Allan has failed to demonstrate that she has suffered an injury-in-fact. " '[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' " *Lujan*, 504 U.S. at 563, 112 S. Ct. at 2137 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35, 92 S. Ct. 1361, 1366, 31 L. Ed. 2d 636 (1972)).

Mrs. Allan's claimed injury stems from the University's failure to comply with APA rule-making procedures. Failure to comply with procedural requirements alone, however, is not a sufficient injury to confer standing. *Lujan*, 504 U.S. at 573-74, 112 S. Ct. at 2143. The complaining party must still demonstrate that the agency action has invaded a legally protected interest that is concrete and particularized, rather than conjectural or hypothetical. *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136. Mrs. Allan's claimed interest, at best, is derived from her professor husband and his salary. But Mrs. Allan fails to establish a concrete interest of her own that has been injured by the claimed procedural error.

Mrs. Allan relies on her involvement in her husband's prior adjudicatory proceeding to establish standing. But as the University explains, " '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.' "[2] Because Mrs. Allan has failed to establish any injury-in-fact resulting from the University's failure to comply with the APA procedural requirements, we hold that she lacks standing to seek judicial review under the APA.

## B. Zone of Interest

■ The zone of interest prong focuses " 'on whether the Legislature intended the agency to protect the party's interests when taking the action at issue.' " *Seattle Bldg. & Constr. Trades Council*, 129 Wn.2d at 797 (quoting *St. Joseph Hosp.*, 125 Wn.2d at 739-40 (citing William R. Anderson, *The 1988 Washington Administrative Procedure Act—An Introduction*, 64 WASH. L. REV. 781, 825 (1989))). Mrs. Allan lacks a concrete interest of the type the legislation was intended to protect. Mrs. Allan contends that she

---

[2]*Lujan*, 504 U.S. at 564, 112 S. Ct. at 2138 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974))).

is within the "zone of interest" because she is married to a faculty member and because her children attended the University of Washington. She also contends that potentially she could be a witness in another case.

Mrs. Allan's relationships with others, who may or may not have standing, do not confer standing upon her. In addition, her hypothetical argument that she could someday be a witness in an adjudicatory proceeding is speculative and insufficient to establish standing. Rather Mrs. Allan's interest is merely one that she holds in common with all other citizens: the opportunity to comment upon proposed rules and to have the agency consider those comments. *See Casebere v. Clark County Civil Serv. Comm'n*, 21 Wn. App. 73, 76, 584 P.2d 416 (1978). An "imaginary" or "speculative" injury based on application of a challenged rule is insufficient to establish standing. Rather, the threat must be concrete and personal. *See Trepannier v. City of Everett*, 64 Wn. App. 380, 383, 824 P.2d 524 (1992).

The trial court erred in granting summary judgment to Mrs. Allan. Having held that Mrs. Allan lacks standing, we reverse and remand for dismissal of her complaint. We need not address the remaining issues.

HOUGHTON, C.J., and SEINFELD, J., concur.

Review granted at 137 Wn.2d 1019 (1999).