IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ALLAN MARGITAN, | ) | |
| | ) | No. 32907-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPOKANE REGIONAL HEALTH | ) | UNPUBLISHED OPINION |
| DISTRICT (SRHD) | ) | |
| | ) | |
| BOARD OF HEALTH, SPOKANE | ) | |
| REGIONAL HEALTH DISTRICT | ) | |
| (Board) | ) | |
| | ) | |
| MARK AND JENNIFER HANNA, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — Allan Margitan seeks judicial review of the Spokane Regional

Health District's refusal to order his neighbors, Mark and Jennifer Hanna, to move a

septic drain field away from a public waterline that serves Margitan's property. The

superior court dismissed Margitan's petition for judicial review for lack of standing. We

agree that Margitan lacks standing because he fails to demonstrate injury resulting from

the administrative agency's action. We affirm dismissal of the petition.

FACTS

Although the Spokane Regional Health District is Allan Margitan's principal defendant in this appeal, the underlying dispute pits Margitan against his neighbors, Mark and Jennifer Hanna, and concerns the location of the Hannas' septic field. Margitan complains that the septic field lies inside his road and water easement and that, in turn, he cannot gain approval for a potable waterline that lies in the easement and serves his property. Because another government entity will not approve the waterline, he claims he is unable to gain a certificate of occupancy for his home. He also protests that the drain field endangers the health of his water supply.

Allan Margitan's tract of land and Mark and Jennifer Hannas' parcel of land lie within Spokane County Short Plat 1227-00. In 1999, Drew, Carol and Marion Bond applied to the Spokane County Planning Department for approval of the short plat. Spokane County approved the plat in 2002. Conditions for approval included the provision of sufficient potable water to each tract within the plat and needed easements for each tract. The approved plat allowed on-site sewage disposal systems permitted by the Spokane Regional Health District. Recorded Short Plat 1227-00 included three parcels with a single forty-foot easement for "road and utilities" along the southwest boundary line of the platted land. Administrative Record (AR) at 32, 35. The easement affords access across parcel 1 to owners of parcels 2 and 3 and access across parcel 2 to the owner of parcel 3. After approval of the plat, a public potable waterline was installed

2

somewhere within the forty-foot easement.

On April 6, 2002, Allan and Gina Margitan purchased parcel 1 of Short Plat 1227-00. Allan Margitan's ownership of parcel 1 does not give rise to this dispute.

In May 2002, Mark and Jennifer Hanna purchased parcel 2 of the Short Plat 1227-00. One month earlier, Mark Hanna mistakenly informed the contractor hired to build his house on parcel 2 that the easement through parcel 2 to access Parcel 3 is twenty-feet wide. On May 1, 2002, at the time of closing but prior to signing purchase papers, Hanna learned that the easement through parcel 2 is forty, not twenty feet wide. Hanna never notified his contractor of his mistake.

On June 6, 2002, Cook Excavating, on behalf of Mark and Jennifer Hanna, requested an on-site sewage system permit from the Spokane Regional Health District. The application included a drawing for the system. The drawing denoted a twenty-foot easement along the south of the Hannas' parcel 2. On January 10, 2003, the health district issued a permit for the construction of the on-site sewage system. On March 11, 2003, Cook Excavating submitted an "as built" drawing of the Hannas' septic system to the health district. AR at 40. We assume that Cook Excavating installed an on-site sewage system between January 10 and March 11, 2003. The system included a septic tank and drain field. Unbeknownst to the health district, who believed the utility and road easement to be twenty feet wide, Cook Excavating placed a portion of the Hannas' drain field within the short plat's forty-foot easement. WAC 246-272A-0210 demands

3

that any drain field lie at least five feet from an easement. Presumably the Hannas' drain field's extension into the easement was more than twenty-five feet, but less than forty-feet, from the southwest boundary of parcel 2.

On February 1, 2010, Allan and Gina Margitan purchased parcel 3 of Short Plat 1227-00. The Margitans' access to parcel 3 gives rise to this dispute.

On July 15, 2012, Mark and Jennifer Hanna filed a quiet title action in Spokane County Superior Court against Allan and Gina Margitan to resolve the placement of easements in parcels 1-3. The litigation may concern other easements in addition to the forty-foot easement at issue in this suit. In July 2013, the Spokane Regional Health District discovered that a forty-foot easement encumbered the Hannas' land and that the Hannas' on-site sewage system violated its regulations because the septic field was installed within the easement.

In October 2013, the Spokane Regional Health District and Mark and Jennifer Hanna entered into an agreement to resolve the Hannas' nonconforming on-site sewage system. The agreement requires the Hannas to submit an application to relocate their sewage system within thirty days of completion of litigation in the Spokane County Superior Court quiet title action. The agreement further commands the Hannas to complete the installation of a new conforming sewage system within sixty days of the health district's approval of the application. The health district did not demand immediate relocation of the drain field because its current location did not create an

4

imminent public health risk and because the Hannas and the health district would not know the final location of easements until resolution of the Spokane County Superior Court suit. Depending on the outcome of the litigation, the Hannas could be required to move the septic system twice, if ordered by the health district to immediately move the drain field. The agreement reserved the right in the health district to demand immediate relocation of the drain field if an imminent public health risk arose.

On December 4, 2013, Allan Margitan notified the Spokane Regional Health District that the potable public waterline that serves parcel 3 lies within close proximity to Mark and Jennifer Hannas' on-site sewage system. In response, the health district's counsel, Michelle Fossum, wrote to Greg Lockwood, attorney for Allan Margitan, and stated that the health district would not force the Hannas to relocate their sewage system twice. Fossum expressed a willingness by the health district to reevaluate Margitan's complaint if he demonstrated a negative impact on his water delivery.

On January 27, 2014, Dr. Joel McCullough, the public health director of the Spokane Regional Health District, penned a letter to Allan Margitan. In the correspondence, McCullough wrote that Margitan had failed to substantiate his allegation that Mark and Jennifer Hannas' sewage system violated the law. Chapter WAC 246-272A demands a horizontal distance of ten feet between any waterline and the edge of a septic drain field. Margitan lacked evidence that his waterline within the easement lay within ten feet of the Hannas' drain field. The January 27 letter informed Margitan of his

right to appeal McCullough's decision to the health district's Board of Health.

The January 27, 2014, letter did not indicate whether Public Health Director Joel McCullough sent Mark Hanna a copy. Nevertheless, the letter disclosed that McCullough requested that Hanna provide documentation to establish the exact location of the waterline and its relationship to the drain field to determine if the on-site sewage system conformed to law, and, if not, to determine those mitigation measures needed to comply with the law.

As part of his appeal to this court, Allan Margitan attached as Exhibit D to his reply brief a document dated September 3, 2014, entitled "inspection results," and issued by the Spokane County Building and Planning Department. The document purports to be a response to an application to "demolish a portion of and rebuild a port" at Margitan's parcel 3. The document's comments section reads:

> 1) You have notified us of encroachment of a septic drain field into the restricted zone of your water supply line which you claim endangers your potable water supply. You have also provided us corroboration of the issue through copies of SRHD [Spokane Regional Health District] documentation. A Certificate of Occupancy can be issued upon receipt of documentation (SRHD and/or water puveyor [purveyor]) accepting the waterline and it's [sic] adequacy for use.

Exhibit D is not part of the administrative record considered by the Spokane Regional Health District Board of Health. The document was created four months after the decision of the Board of Health on review before this court.

PROCEDURE

On January 28, 2014, Allan Margitan appealed, to the Spokane Regional Health District Board of Health, Public Health Officer Joel McCullough's January 27 decision. On January 31, 2014, Mark and Jennifer Hanna cross-appealed the January 27, 2014, decision, to the extent the decision required them to locate Allan Margitan's waterline.

On February 27, 2014, the Spokane Regional Health District Board of Health conducted a hearing on the appeal of Public Health Director Joel McCullough's decision of January 27, 2014. Attorney Stanley Perdue attended the hearing on behalf of Mark and Jennifer Hanna. Allan Margitan represented himself, and Michelle Fossum represented the health district. Before Fossum, on behalf of the health district, questioned her first witness, Board of Health Chair Charles Hafner placed Fossum under oath as a witness.

> Hafner: And if you would please, uh, uh,...do you swear or affirm that the testimony you are about to give in the hearing is the truth, the whole truth, and nothing but the truth?
> Fossum: I do.
> Hafner: Okay. Are there any other witnesses that you're going to provide?
> Fossum: Yes, sir . . . .

AR at 284.

Attorney Michelle Fossum never testified as a witness during the February 27, 2014 hearing. An oath for witness Steven Holderby, program manager for the Spokane County Liquid Waste Program, immediately followed the oath taken by Fossum.

7

Fossum, Stanley Perdue, and Allan Margitan questioned Holderby. Margitan's questioning of Holderby included questions on building code requirements that may jeopardize his ability to obtain a certificate of occupancy by Spokane County Building and Planning.

> Margitan: ... This is a copy of the international residential code. All 50 states have agreed to comply with it. Um, second page, Steve, do you mind reading regulation 306.3 Sewage Disposal?
> Holderby: All plumbing fixtures shall be connected to a sanitary sewer or to an approved private sewage disposal system.
> Margitan: Okay. How about, um, R306.4 Water Supply.
> . . . .
> Holderby: Am I to read it? All plumbing fixtures shall be connected to an approved water supply. Kitchen sinks, lavatories, bathtubs, showers, bidets, laundry tubs and washing machine outlets shall be provided with hot and cold water.
> Margitan: By reading that, would you be surprised if Spokane County would not allow me to occupy the home on parcel 3 because I cannot verify that my potable water is a legal potable water system?
> Holderby: It is an approved water system by the state department of health.
> Margitan: The water system is[.]
> Holderby: Yes.
> Margitan: [B]ut the potable water would not be approved if it was within close proximity, less than 10 feet, 10 feet or under 10 feet to the drain field. Correct?
> Holderby: That doesn't necessarily.. . . these are international building code regulations not health district or state board of health regulations[.]
> Margitan: But it is the codes Spokane County refers to[.]
> Holderby: ... that we enforce. The county refers to it, but not us.
> Margitan: And they're the ones that give the occupancy on homes, correct?
> Holderby: That's, that's correct based on that.
> Margitan: So based on that[.]
> Holderby: Yeah, I'm just saying these aren't our rules[.]

>Margitan: I understand they're not your rules.
>Holderby: . . . that we enforce[.]
>Margitan: But, they are the county rules, correct?
>Holderby: As far as I know they've adopted that. I can't speak to it because I'm not involved with building and planning that closely.
>Margitan: That's fine. I just want point that out.

AR at 294-95.

The Spokane Regional Health District called no witnesses other than Steven Holderby. Mark and Jennifer Hanna called no witness to testify at the board hearing. The health district Board of Health allowed Margitan to submit forty-eight pages of documents at the hearing. During his presentation, Allan Margitan repeatedly declared that he could not get an occupancy permit for his home because of the location of the Hannas' septic field near his water delivery line. He provided no witness from any government agency to support this assertion.

On April 22, 2014, the Spokane Regional Health District Board of Health affirmed Joel McCullough's decision and denied each parties' appeal. The Board of Health findings of fact included:

>1.9 There is no imminent public health risk presented by existence of the drain field within an easement.
>1.10 Margitan alleged that Hannas drain field is within ten feet of the pressurized water line to Margitan's property owned by Allan and Gina Margitan as husband and wife. The pressurized water line is also contained somewhere within the forty foot easement.
>1.11 The Board finds that insufficient evidence was presented to establish the location of the pressurized water line.
>1.12 The Board concludes that the public health risk presented by the alleged location of the drain field within ten feet of the pressurized

9

water line is minimal. Specifically, a breach to the water line would have to occur near the drain field, the water line would have to lose pressure, and there would have to then be contamination of the water line which included pathogens. The evidence presented indicated that a loss of water pressure would be observable in the Margitan house, allowing for mitigation of any risk of harm.

AR at 342-43.

The Spokane Regional Health District Board of Health entered conclusions of law that included:

> 2.3 Hanna's placement of their drain field within an easement violates the horizontal separation requirements of WAC 246-272A-0210 and consequently it is a nonconforming on-site system.
> 2.4 WAC 246-272A-0430 gives the health officer latitude to address correction of nonconforming on site systems.
> 2.5 The Board finds that the recorded Agreement between Spokane Regional Health District and Hannas setting forth the requirements to bring the system into compliance is appropriate.
> 2.6 The parties have failed to submit evidence sufficient to allow the Board to determine whether the required horizontal separation of ten feet between the pressurized water line serving Margitan's home and the Hanna's drain field, as required by WAC 246-272A-0210, has been met.
> 2.7 Assuming that there is an insufficient horizontal separation between the pressurized water line and the drain field, the public health risk is minimal.
> 2.8 However, because there is some public health risk, additional information is necessary to fix the actual location of both the drain field and the pressurized water line.

AR at 343-44.

Allan Margitan filed, in Spokane County Superior Court, a petition for judicial review of the Spokane Regional Health District Board of Health decision. Margitan later attempted to supplement the record before the superior court with a letter from himself to

10

Michelle Fossum dated August 28, 2014. In that letter he declared:

> Spokane County Building and Planning will not issue a Certificate of Occupancy to me for my home at 14404 West Charles Road, Nine Mile Falls until Spokane Regional Health District provides documentation "accepting the waterline and it's [sic] adequacy for residential use."

Clerk's Papers (CP) at 168.

Mark and Jennifer Hanna moved the superior court to dismiss the petition for judicial review. The Spokane Regional Health District joined in the motion. The superior court granted the motion and dismissed the appeal for lack of standing.

## LAW AND ANALYSIS

On appeal, Allan Margitan contends the superior court erred when dismissing his appeal for lack of standing. He argues that he suffers injury sufficient to maintain standing. Margitan asserts additional procedural arguments. He claims that attorneys Michelle Fossum and Stanley Perdue were disqualified from representing each's respective client at the administrative appeal and before the superior court because each counsel functioned as a witness at the appeal hearing as illustrated by the Board of Health administering each the oath of a witness. Margitan argues that Mark and Jennifer Hanna and the health district improperly raised standing for the first time on appeal before the superior court. He also contends the superior court should have allowed him to supplement the record before the court. After the filing of briefs before this appeals court, Allan Margitan brought two motions to supplement the record further.

11

Mark and Jennifer Hanna argue that they may assert lack of standing as a defense for the first time before the superior court because one does not avow want of standing for judicial review until the opposing party files a petition for review with the court. The Hannas further contend that Allan Margitan lacks standing to challenge the Spokane Regional Health District Board of Health's decision because he has shown no actual injury. The Hannas ask this court to affirm the superior court's rejection of additional evidence and to deny Allan Margitan's request to supplement this court's record. The Hannas contend that Allan Margitan is barred from disqualifying the attorneys because he did not move to disqualify them at the administrative hearing. The Hannas further declare that no reason exists to disqualify the attorneys since they never testified. The health district joins in the Hannas' arguments.

We first outline obligatory principles of judicial review of decisions of an administrative body such as the Spokane Regional Health District. This court reviews an administrative action from the same position as the superior court and applies the standards of the Administrative Procedure Act (APA), ch. 34.05 RCW, RCW 34.05.570, to the record before the agency. *Cornelius v. Dep't of Ecology*, 182 Wn.2d 574, 585, 344 P.3d 199 (2015); *Ryan v. Dep't of Soc. & Health Servs.*, 171 Wn. App. 454, 465, 287 P.3d 629 (2012). Allan Margitan has the burden of demonstrating the invalidity of the agency action because he is the party asserting its invalidity. RCW 34.05.570(1)(a). This court may grant relief from the administrative action only if Margitan establishes one of

12

the grounds listed in RCW 34.05.570(3):

(a) The order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;

(b) The order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law;

(c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;

(d) The agency has erroneously interpreted or applied the law;

(e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter;

(f) The agency has not decided all issues requiring resolution by the agency;

(g) A motion for disqualification under RCW 34.05.425 or 34.12.050 was made and was improperly denied or, if no motion was made, facts are shown to support the grant of such a motion that were not known and were not reasonably discoverable by the challenging party at the appropriate time for making such a motion;

(h) The order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency; or

(i) The order is arbitrary or capricious.

With only a few exceptions not applicable here, this court may only consider the issues raised before the board. RCW 34.05.554(1). This court should only overturn the agency's factual findings if they are clearly erroneous and this court is convinced that a mistake has been made. *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 588, 90 P.3d 659 (2004). Questions of law and the application of law to facts are reviewed de novo. *Port of Seattle*, 151 Wn.2d at 588.

13

Attorney Disqualification

Allan Margitan contends that, by testifying as witnesses at the hearing before the Spokane Regional Health District Board of Health, Michelle Fossum and Stanley Perdue became disqualified from representing their respective clients and prejudiced Allan Margitan by their continued representation. He does not explain the purported prejudice. He cites Washington Rules of Professional Conduct 3.7. RPC 3.7 reads:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) disqualification of the lawyer would work substantial hardship on the client; or
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

Allan Margitan's argument presumes that the attorneys testified. Although the Board of Health chair placed Michelle Fossum under oath, she did not testify. The record contains no showing of the chair administering an oath to Stanley Perdue, let alone that Perdue testified. Because the facts defeat Margitan's contention, we do not address whether the Washington attorney code of ethics applies to an administrative hearing or whether Margitan preserved this assignment of error for a petition for judicial review.

Additional Evidence Before Superior Court

Allan Margitan assigns error to the superior court's refusal to accept as evidence a letter he wrote to Spokane Regional Health District Attorney Michelle Fossum after the

14

administrative hearing. In the letter, Margitan professed to identify the position of the Spokane County Building and Planning Department with regard to a certificate of occupancy for his home. The letter is hearsay. Margitan disclosed no details as to how he gained the knowledge of the purported position of the Building and Planning Department. The superior court did not expressly rule on Margitan's motion to supplement the record. We proceed, however, as if the court denied the motion. The superior court was correct to disallow the letter as evidence.

As a general proposition, the superior court limits its review to the record before the administrative agency. *Cornelius v. Dep't of Ecology*, 182 Wn.2d at 585 (2015); *Ryan v. Dep't of Soc. & Health Servs.*, 171 Wn. App. at 465 (2012). New evidence is admissible on judicial review only in "highly limited circumstances." *Motley-Motley, Inc. v. Pollution Control Hr'gs Bd.*, 127 Wn. App. 62, 76, 110 P.3d 812 (2005). RCW 34.05.562 reads:

> **New evidence taken by court or agency.**
> (1) The court may receive evidence in addition to that contained in the agency record for judicial review, only if it relates to the validity of the agency action at the time it was taken and is needed to decide disputed issues regarding:
> (a) Improper constitution as a decision-making body or grounds for disqualification of those taking the agency action;
> (b) Unlawfulness of procedure or of decision-making process; or
> (c) Material facts in rule making, brief adjudications, or other proceedings not required to be determined on the agency record.

15

Allan Margitan provides no support, let alone argument, that he satisfies any of the three conditions to receiving new evidence.

Allan Margitan wanted the superior court to review his letter in order to buttress his argument that he suffers injury. He impliedly conceded the inadequacy in his evidence before the administrative agency of injury to him. A superior court may not allow additional evidence when the proponent of the evidence contends only that the record is incomplete. *Herman v. Shorelines Hr'gs Bd.*, 149 Wn. App. 444, 455, 204 P.3d 928 (2009); *Lewis County v. Pub. Emp't Relations Comm'n*, 31 Wn. App. 853, 861, 644 P.2d 1231 (1982).

Motions to Supplement Appellate Brief

Allan Margitan filed with this court two motions to supplement his appellate brief. With the motions, he filed the two briefs. The first supplemental brief attaches deposition testimony of Joel McCullough, and, from this testimony, Margitan argues that McCullough's letter of January 27, 2014, did not constitute an enforceable order. We puzzle at the desire of Margitan to present this new evidence to this court. If McCullough's letter did not constitute a formal action by the administrative agency, there is no decision for Margitan to appeal and no administrative action for this court to review. This court could grant no remedy to Margitan.

The second appeal brief attaches deposition testimony of Steven Holderby, during which Allan Margitan asked him if the Spokane Regional Health District would certify

that the waterline serving Margitan's parcel 3 is safe for residential use. Holderby replied that the health district could not provide the certification because the Washington State Department of Health, not the health district, holds authority to certify a waterline. The deposition testimony echoed his testimony before the Board of Health. Again we puzzle at the desire of Margitan to present this new evidence. The testimony does not add any light as to whether Margitan suffers injury.

Allan Margitan's motions to file two additional briefs are in essence dual requests for this court to entertain new evidence. We already discussed if and when a superior court should entertain new evidence when reviewing an administrative agency action. The same rules apply to the Court of Appeals. Those rules direct us to reject new evidence under these circumstances.

Preservation of Standing Argument

Allan Margitan asks that we ignore Mark and Jennifer Hannas' and Spokane Regional Health District's defense of lack of standing on the basis that neither respondent asserted the defense before the administrative agency. The Hannas astutely question how they waived the right to challenge standing to file a petition for judicial review by not asserting the challenge before the filing of the petition with the superior court. Nevertheless, we may reject Allan Margitan's contention on a more fundamental basis. Standing challenges are jurisdictional and may be raised at any time. *Stevens County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 163 Wn. App. 680, 686, 262 P.3d 507 (2011).

17

Standing

We now reach the principal issue on appeal. We ask whether Allan Margitan holds standing to challenge the Spokane Regional Health District Board of Health's decision upholding the letter decision of the health district's public health officer.

To maintain this appeal, Allan Margitan must present a reviewable issue and must have standing under the APA. All three conditions of RCW 34.05.530 must be met in order to have standing. The statute declares:

> A person has standing to obtain judicial review of agency action if that person is aggrieved or adversely affected by the agency action. A person is aggrieved or adversely affected within the meaning of this section only when all three of the following conditions are present:
> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

The APA standing requirements in RCW 34.05.530 create a three prong test where the first and third prongs are considered the "'injury-in-fact'" requirements and the second prong is called the "'zone of interest'" prong. *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 997 P.2d 360 (2000) (quoting *Allen v. Univ. of Wash.*, 92 Wn. App. 31, 36, 959 P.2d 1184 (1998)). We conflate and address only the first and third prongs. We

agree with the superior court and hold that Allan Margitan fails to establish a sufficient injury.

The party seeking judicial review of agency action bears the burden of establishing standing. *City of Burlington v. Wash. State Liquor Control Bd.*, 187 Wn. App. 853, 861, 351 P.3d 875 (2015), *review denied*, 184 Wn.2d 1014, 360 P.3d 818 (2015). To establish standing, the petitioner must show an injury-in-fact, which is an invasion of a legally protected interest. *Snohomish County Pub. Trans. Benefit Area v. Pub. Emp't Relations Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803 (2013). The injury must be sufficiently real and not an imaginary or speculative threat. *Allan v. Univ. of Wash.*, 140 Wn.2d at 332. The person must demonstrate that he or she is or will be specifically and perceptibly harmed by the agency action and, moreover, that this injury will be redressed by a favorable decision by the reviewing court. *Patterson v. Segale*, 171 Wn. App. 251, 253-54, 289 P.3d 657 (2012).

Allan Margitan contends that the Spokane Regional Health District Board of Health's decision to allow the Hannas' septic field to remain operational amounts to an injury-in-fact for three reasons. First, he argues that the noncompliant drain field could potentially contaminate his drinking water and render his house uninhabitable. Second, he claims that the drain field's encroachment in his easement violates his right to possession and his right to locate his waterline anywhere within the forty-foot easement without risk of contamination. Third, Margitan contends the location of the drain field

19

inside the easement prevents his gaining a certificate of occupancy.

In resolving whether Allan Margitan has standing to appeal the administrative decision of the Board of Health, we should first recognize the nature of the board's decision and limit our inquiry to the record presented at the administrative hearing. The board affirmed the health district public health officer's decision. After investigating a complaint by Margitan, Joel McCullough determined he lacked information to determine whether Mark and Jennifer Hannas' drain field lay within ten-feet of the waterline. An administrative agency cannot order corrective action when it lacks evidence of an infraction. McCullough also ordered Mark Hanna to provide documentation to establish the location of the waterline and its relationship to the drain field.

Potential contamination of Allan Margitan's water source affords no standing to Margitan. Margitan must show perceptible, not theoretical or possible harm. We have no evidence as to the possibility or chance for contamination. The Spokane Regional Health District Board of Health found only minimal risk to Margitan's waterline, and Margitan has not challenged this finding. The Spokane Regional Health District decision reserved for Margitan the right to pursue remedies in the event contamination ensues.

Contrary to his contention, Allan Margitan has no right to exclusive possession of the entire forty-foot easement. An easement does not grant the owner a right to exclusive use of the property. *See* 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.1, at 79-80 (2d ed. 2004). Margitan is free

20

to use the property for road and utilities as designated in his easement.

Allan Margitan might meet the injury-in-fact requirement by showing his home was uninhabitable as a result of the noncompliant drain field. Under RCW 19.27.097, a local agency must require evidence of potable water before granting a building permit. *See Kittitas County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 172 Wn.2d 144, 179, 256 P.3d 1193 (2011). Nevertheless, the proximate location of a drain field does not by itself render a water supply unsafe. Therefore, the drain field's location within the easement does not equate to a denial of a certificate of occupancy. A drain field may not be located within ten-feet of the waterline, but Margitan presents no evidence of a violation of this rule.

Allan Margitan repeatedly asserts and even testified before the Spokane Regional Health District Board of Health that Spokane Building and Planning Department is withholding an occupancy permit for a home on parcel 3 due to the septic field's intrusion on his waterline. Nevertheless, the administrative record does not support this assertion. Margitan did not produce an official denial of an occupancy permit. He failed to present any testimony from a building department employee that the department refuses a permit because of the drain field.

At the superior court, Allan Margitan attempted to supplement the record with a letter from himself to Michelle Fossum. As already decided, the superior court limits the evidence to the record received from the administrative agency. The letter to Fossum

only constituted hearsay anyway.

Before this court, Allan Margitan attached a document that, if authentic, was created four months after the Board of Health hearing. We are also limited to the administrative agency record. The document did not affirm that the Spokane County Planning and Building Department denied a certificate of occupancy because of the drain field. The document repeated Margitan's worry, not the county's concern, about the encroachment by the drain field. The document indicated the building department will issue an occupancy permit on approval of the waterline by the health district or the water purveyor. The health district claims it lacks authority to accept a waterline. Steven Holderby confirmed this lack of authority during his administrative agency testimony. At oral argument, Allan Margitan asserted that the Stevens County Public Utility District is his water purveyor, but the record shows no request from Margitan for approval of the waterline to the utility district.

The essence of Allan Margitan's contention is that the Spokane Regional Health District should either require Mark and Jennifer Hanna to prove that the drain field lies more than ten feet from the public waterline in the easement or to move the drain field. Margitan provides no legal authority to support an argument that he may force the health district to enforce the rule prohibiting a waterline within ten feet of a septic drain field. Margitan cites no legal authority to support a conclusion that the health district may revoke the sewage system permit without evidence of a violation of the ten-foot rule.

22

The health district ordered the Hannas to locate the waterline. If Margitan complains that the Hannas have violated this direction, Margitan may seek to enforce the health district order.

Either party might have resolved the dispute by asserting the effort and paying the cost to locate the waterline in relationship to the drain field. Instead, each has sought to use the Spokane Regional Health District to save this expense. We may sympathize with Allan Margitan's predicament but his redress lies in a venue other than challenging the health district's decision and action.

The superior court and this court has encountered difficulty addressing Allan Margitan's assigned errors because he asserted new facts and presented additional documents allegedly supporting his claim of injury as the case proceeded through the court system. Although Margitan has no legal background, the law holds him to the same standards of presenting evidence imposed on parties represented by legal counsel. Margitan may have helped his cause by presenting all of his evidence in an orderly fashion before the Spokane Regional Health District Board of Health. He may have advanced his legal positions by summoning witnesses from the Spokane Planning and Building Department to testify before the Board of Health that the department refused to issue a certificate of occupancy or witnesses from the Stevens County Public Utility District that it will not approve the waterline. Absent such evidence, we concur with the superior court's dismissal of the petition for judicial review.

Attorney Fees

Allan Margitan requests appellate fees and costs under Washington's equal access to justice act, RCW 4.84.350(1). Because he does not prevail on appeal, we reject his request.

The Spokane Regional Health District requests reasonable fees and costs under RCW 4.84.370. RCW 4.84.370 provides that a city, county, or town that prevailed at each stage of appeal of a land use decision is entitled to an award of attorney fees. We question whether Allan Margitan appealed a land use decision. Nevertheless, we need not resolve this question. A government entity is only entitled to the award if the appeals are decided on the merits. *Durland v. San Juan County*, 182 Wn.2d 55, 78, 340 P.3d 191 (2014). The superior court and this court have dismissed the appeal on procedural grounds, namely standing.

Mark and Jennifer Hanna request attorney fees pursuant to RCW 4.84.350. "[A] court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, *unless the court finds that the agency action was substantially justified* or that circumstances make an award unjust." RCW 4.84.350(1) (emphasis added). Here, the agency action was substantially justified, and thus the Hannas are not entitled to fees under the statute.

No. 32907-1-III
*Margitan v. Spokane Reg'l Health Dist.*

CONCLUSION

We affirm the superior court's dismissal of Allan Margitan's petition for judicial review because Margitan lacks standing. We deny all parties an award of reasonable attorney fees and costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

I CONCUR:

_____
Lawrence-Berrey, J.

32907-1-III

KORSMO, J. (concurring) — Although I concur entirely in the majority's disposition of this case, I would deny the district's request for attorney fees for a different reason. This was not a land use action and was not brought under the Land Use Petition Act (LUPA), ch. 36.70C RCW. But, even if this were a LUPA action, the attorney fee ruling would not be controlled by the dicta in *Durland v. San Juan County*, 182 Wn.2d 55, 78, 340 P.3d 191 (2014).

RCW 4.84.370 provides for attorney fees in cases involving land use and zoning decisions, broadly considered, relating to specific property.[1] It was enacted as part of LUPA. *See Alliance Inv. v. City of Ellensburg*, 189 Wn. App. 763, 774, 358 P.3d 1227 (2015). This was not a LUPA case and does not involve a land use decision, even under the broad definition of RCW 36.70C.020(2)(b). It was an appeal, by a third party, from an administrative enforcement action. The land use decision attorney fee statute is not applicable to this action.

---

[1] The statute permits fees to a "substantially prevailing party" in review of a local decision "to issue, condition, or deny a development permit . . . zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision." RCW 4.84.370(1).

No. 32907-1-III
*Margitan v. Spokane Reg'l Health Dist.*

Moreover, *Durland* is not controlling even if this were a LUPA action. There, a private party sought an award under the LUPA attorney fee statute after prevailing on appeal. *Durland*, 182 Wn.2d at 76-80. Our court granted the fees. In the course of settling the dispute, the *Durland* court suggested how its construction of the statute would apply to governments. *Id.* at 77-79. However, San Juan County, which also prevailed, did not seek attorney fees in that case and there was no other government agency requesting them. Thus, the discussion as to the government agencies was mere dicta. While perhaps the court will go that direction when it is presented the opportunity, it has not yet done so and this court need not accept that position as controlling.

With these observations, I heartily concur with the remainder of the majority opinion.

_____
Korsmo, J.

I CONCUR:

_____
Lawrence-Berrey, J.

2